## Exhibit A

**Designation of Items to be Included in the Record on Appeal [Bankr. D.I. 1122]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Re: D.I. 746, 805, 809 |

## <u>DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL</u>

Appellant Andrew R. Vara, the United States Trustee for Region 3 (the "<u>U.S. Trustee</u>"), pursuant to Fed. R. Bankr. P. 8009(a)(1), submits this designation of items to be included in the record on appeal with respect to this Court's February 21, 2023 *Order Denying Motion for the Appointment of an Examiner* [D.I. 746]:

**<u>District Court Case No.</u>**

1:23-cv-00241 (CFC)

**<u>Appellant</u>**

Andrew R. Vara, solely in his capacity as United States Trustee for Region 3

**<u>Appellees</u>**

FTX Trading Ltd., *et al.*

Official Committee of Unsecured Creditors

Joint Provisional Liquidators of FTX Digital Markets Ltd.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

The U.S. Trustee designates the following items from the docket maintained in this case

for inclusion in the record of the above-referenced appeal:

***In re FTX Trading Ltd., et al.*, Bankr. D. Del. Case No. 22-11068 (JTD) (Jointly Administered)**:

| Docket No. | Date | Description |
|---|---|---|
| N/A | N/A | Copy of Electronic Docket Report in *In re FTX Trading Ltd.*, Bankr. D. Del. Case No. 22-11068 (JTD) |
| 1 | 11/11/22 | Chapter 11 Voluntary Petition of FTX Trading Ltd. |
| 3 | 11/14/22 | Motion of Debtors for Entry of an Order (I) Authorizing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Certain Related Relief |
| 22 | 11/17/22 | Emergency Motion Pursuant to Fed. R. Bankr. P. 1014(b) (I) to Transfer Chapter 15 proceeding Relating to FTX Digital Markets Ltd. and (II) For a Stay |
| 23 | 11/17/22 | Motion for Entry of an Order Shortening the Time for Notice of Emergency Motion Pursuant to Fed. R. Bankr. P. 1014(b) (I) to Transfer Chapter 15 Proceeding Relating to FTX Digital Markets Ltd. and (II) For a Stay |
| 24 | 11/17/22 | Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings |
| 26 | 11/17/22 | Motion of Debtors for Entry of an Order (I) Extending the Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Granting Certain Related Relief |
| 29 | 11/17/22 | Order Granting Motion to Shorten Time for Notice of Emergency Motion Pursuant to Fed. R. Bankr. P. 1014(b) (I) to Transfer Chapter 15 Proceeding Relating to FTX Digital Markets Ltd. and (II) For a Stay |
| 32 | 11/18/22 | Amended Order Granting Motion to Shorten Time for Notice of Emergency Motion Pursuant to Fed. R. Bankr. P. 1014(b) (I) to Transfer Chapter 15 Proceeding Relating to FTX Digital Markets Ltd. and (II) For a Stay |
| 44 | 11/18/22 | Notice of Filing Supplemental Exhibit to Emergency Motion Pursuant to Fed. R. Bankr. P. 1014(b) (I) to Transfer Chapter 15 Proceeding Relating to FTX Digital Markets Ltd. and (II) For a Stay |

| 51 | 11/19/22 | Notice of Filing of Consolidated List of Top 50 Creditors |
|---|---|---|
| 57 | 11/20/22 | Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings |
| 92 | 11/21/22 | Supplemental Declaration of John J. Ray III in Support of First Day Pleadings |
| 93 | 11/21/22 | Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings |
| 115 | 11/22/22 | Notice of Filing First Day Hearing Presentation |
| 128 | 11/22/22 | Order (I) Authorizing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Certain Related Relief |
| 131 | 11/22/22 | Agreed Order to Transfer Venue |
| 142 | 11/23/22 | Transcript of First Day Hearing Held on November 22, 2022 |
| 162 | 11/28/22 | Notice of Filing of Consolidated Lists of Top 50 Creditors |
| 164 | 11/28/22 | Motion of Debtors for Entry of an Order Extending the Time to File Lists of Equity Security Holders |
| 176 | 12/1/22 | Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner |
| 223 | 12/13/22 | Order Extending the Time to File Lists of Equity Security Holders |
| 231 | 12/15/22 | Notice of Appointment of Committee of Unsecured Creditors |
| 261 | 12/20/22 | Amended Notice of Appointment of Committee of Unsecured Creditors |
| 263 | 12/21/22 | State of Wisconsin's Joinder to the Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner |
| 266 | 12/21/22 | Supplement to Motion of Debtors for Entry of an Order (I) Extending the Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports |
| 269 | 12/21/22 | Debtors' Motion for an Order Authorizing and Approving (I) the Retention and Employment of Owl Hill Advisory, LLC and (II) the Designation of John J. Ray III as Chief Executive Officer *Nunc Pro Tunc* to the Petition Date |

| 270 | 12/21/22 | Debtors' Motion for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date |
| 272 | 12/21/22 | Application of the Debtors to Approve the Employment and Retention of Landis Rath & Cobb LLP as Bankruptcy Co-Counsel, *Nunc Pro Tunc* to the Petition Date, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 |
| 273 | 12/21/22 | Debtors' Application for an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisors to the Debtors and Debtors-in-Possession Pursuant to Sections 327(a) and 328 of the Bankruptcy Code *Nunc Pro Tunc* to the Petition Date |
| 275 | 12/21/22 | Debtors' Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors *Nunc Pro Tunc* to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h) |
| 276 | 12/21/22 | Debtors' Motion for an Order Authorizing and Approving (I) the Retention and Employment of RLKS Executive Solutions LLC and (II) Designating the Chief Officers as Officers of the Debtors *Nunc Pro Tunc* to November 15, 2022 |
| 277 | 12/21/22 | Debtors' Application for an Order Authorizing the Retention and Employment of AlixPartners, LLP as Forensic Investigation Consultant to the Debtors *Nunc Pro Tunc* to November 28, 2022 |
| 279 | 12/21/22 | Debtors' Application for Entry of an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor *Nunc Pro Tunc* to the Petition Date |
| 280 | 12/21/22 | Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to November 13, 2022 |
| 284 | 12/21/22 | Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 |
| 286 | 12/21/22 | Motion of Debtors for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals |

| 300 | 12/23/22 | Notice of Filing Redacted Version of Exhibit B to Declaration of Thomas M. Shea in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 |
|---|---|---|
| 321 | 12/27/22 | Adversary Complaint for Declaratory Judgment and Violations of Common Law by Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall, and Hamad Dar against West Realm Shires Inc., West Realm Shires Services Inc. (D/B/A FTX US), FTX Trading Ltd., Alameda Research LLC, Sam Bankman-Fried, Zixiao Wang, Nishad Singh, and Caroline Ellison |
| 339 | 1/3/23 | Joinder to Motion for Entry of an Order Appointing an Examiner, Filed by Vermont Department of Financial Regulation |
| 364 | 1/4/23 | Objection of the United States Trustee to Motion of Debtors to Extend Time to File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Reports |
| 369 | 1/4/23 | Objection to Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date, Filed by Warren Winter |
| 406 | 1/8/23 | Debtors' Reply in Support of Motion of Debtors for Entry of an Order (I) Extending the Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports |
| 419 | 1/9/23 | Supplemental Declaration of John J. Ray III in Support of Debtors' Motion for an Order Authorizing and Approving (I) the Retention and Employment of Owl Hill Advisory, LLC and (II) the Designation of John J. Ray III as Chief Executive Officer *Nunc Pro Tunc* to the Petition Date |
| 421 | 1/9/23 | Supplemental Declaration of Kathryn Schultea in Support of Debtors' Motion for an Order Authorizing and Approving (I) the Retention and Employment of RLKS Executive Solutions LLC and (II) Designating the Chief Officers as Officers of the Debtors *Nunc Pro Tunc* to November 15, 2022 |
| 428 | 1/9/23 | Order Authorizing the Employment and Retention of Landis Rath & Cobb LLP as Bankruptcy Co-Counsel, *Nunc Pro Tunc* to the Petition Date, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 |
| 435 | 1/9/23 | Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals |

| 436 | 1/9/23 | Order Granting Debtors' Motion for an Order Authorizing and Approving (I) the Retention and Employment of Owl Hill Advisory, LLC and (II) the Designation of John J. Ray III as Chief Executive Officer *Nunc Pro Tunc* to the Petition Date |
| 437 | 1/9/23 | Order Granting Debtors' Motion for an Order Authorizing and Approving (I) the Retention and Employment of RLKS Executive Solutions LLC and (II) Designating the Chief Officers as Officers of the Debtors *Nunc Pro Tunc* to November 15, 2022 |
| 450 | 1/9/23 | Notice of Filing Redacted Lists of Equity Holders |
| 459 | 1/10/23 | Amended Objection to Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date, Filed by Warren Winter |
| 467 | 1/11/13 | Letter Re: Motion to Appoint Independent Examiner, *In re FTX Trading Ltd., et al.* (No. 22-11068-JTD), filed by United States Senators John Hickenlooper, Thom Tillis, Elizabeth Warren, and Cynthia Lummis |
| 469 | 1/11/23 | Order Extending the Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports |
| 481 | 1/11/23 | Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of December 22, 2022 |
| 495 | 1/13/23 | Declaration of Warren Winter in Support of Amended Objection to Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date |
| 496 | 1/13/23 | Objection of the United States Trustee to Debtors' Application for an Order Authorizing Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date |
| 497 | 1/14/23 | Supplemental Declaration of William A. Burck in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to November 13, 2022 |

| 498 | 1/14/23 | Omnibus Objection of the United States Trustee to the Debtors' Applications to Employ AlixPartners, LLP and Quinn Emanuel Urquhart & Sullivan, LLP |
| 499 | 1/16/23 | Supplemental Declaration of Thomas M. Shea in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 |
| 500 | 1/16/23 | Notice of Filing Unredacted Declaration of Thomas M. Shea in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 |
| 502 | 1/16/23 | Notice of Joinder in Warren Winter's Amended Objection to Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date, Filed by Richard Brummond |
| 505 | 1/17/23 | Order Authorizing the Retention and Employment of EY LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 |
| 506 | 1/17/23 | Supplemental Declaration of Matthew Evans of AlixPartners, LLP |
| 507 | 1/17/23 | Notice of Presentation to the Official Committee of Unsecured Creditors |
| 508 | 1/17/23 | Statement of Official Committee of Unsecured Creditors Regarding U.S. Trustee's Objections to Retention of Certain Professionals of Debtors |
| 509 | 1/17/23 | Debtors' Omnibus Reply in Support of Debtors' Retention Applications |
| 510 | 1/17/23 | Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date |
| 511 | 1/17/23 | Supplemental Declaration of John J. Ray III in Support of Debtors' Applications For Orders Authorizing the Retention and Employment of Sullivan & Cromwell LLP, Alix Partners LLP and Quinn Emanuel Urquhart & Sullivan, LLP |

| 512 | 1/17/23 | Declaration of Alexa Kranzley in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date |
|-----|---------|------|
| 513 | 1/17/23 | Notice of Hearing Regarding Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner |
| 518 | 1/18/23 | Application for Entry of an Order, Pursuant to Sections 328, 330 and 1103 of the Bankruptcy Code, Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022 |
| 520 | 1/18/23 | Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a), Effective as of December 23, 2022 and (II) Waiving Certain Time-Keeping Requirements |
| 522 | 1/18/23 | Application of the Official Committee of Unsecured Creditors TO Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel, Effective as of December 22, 2022 |
| 524 | 1/18/23 | Debtors' Supplement to Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors *Nunc Pro Tunc* to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h) |
| 528 | 1/19/23 | Supplemental Declaration of Edgar W. Mosley II in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisors to the Debtors and Debtors-in-Possession Pursuant to Sections 327(a) and 328 of the Bankruptcy Code *Nunc Pro Tunc* to the Petition Date |
| 530 | 1/19/23 | Declaration of Daniel Friedberg in Support of Amended Objection of Warren Winter to Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date |
| 533 | 1/19/23 | Second Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date |

| 534 | 1/19/23 | Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisors to the Debtors and Debtors-in-Possession Pursuant to Sections 327(a) and 328 of the Bankruptcy Code *Nunc Pro Tunc* to the Petition Date |
|---|---|---|
| 536 | 1/19/23 | Notice of Filing of Corrected Exhibit C to Application for Entry of an Order, Pursuant to Sections 328, 330 and 1103 of the Bankruptcy Code, Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022 |
| 540 | 1/19/23 | Notice of Filing of Revised Dotcom List of Top 50 Creditors |
| 544 | 1/20/23 | Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor *Nunc Pro Tunc* to the Petition Date |
| 546 | 1/20/23 | Order Authorizing the Retention and Employment of AlixPartners, LLP as Forensic Investigation Consultant to the Debtors *Nunc Pro Tunc* to November 28, 2022 |
| 548 | 1/20/23 | Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to November 13, 2022 |
| 553 | 1/20/23 | Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date |
| 559 | 1/24/23 | Declaration of James E. Scott as Sole Owner of JES37, LLC |
| 560 | 1/24/23 | Declaration of Walter Bieganski |
| 571 | 1/25/23 | Objection of the Official Committee of Unsecured Creditors to Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner |
| 572 | 1/25/23 | Limited Objection and Response of the Joint Provisional Liquidators of FTX Digital Markets Ltd. to the Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner |
| 573 | 1/25/23 | Debtors' Objection to Motion of the United States Trustee for Entry of Order Directing the Appointment of an Examiner |
| 574 | 1/25/23 | Verification of Creditor Matrix |
| 576 | 1/25/23 | Declaration of James L. Bromley in Support of Debtors' Objection to Motion of the United States Trustee for Entry of Order Directing the Appointment of an Examiner |

| 579 | 1/25/23 | Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examinations |
|---|---|---|
| 587 | 1/26/23 | Statement of the Debtors Regarding Filing of Creditor Matrix |
| 588 | 1/27/23 | Notice of Filing of Redacted Version of Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery in Connection With Confidential Investigation |
| 597 | 1/31/23 | FTX Interim Financial Update, Petition Dates through 12/31/22 |
| 600 | 2/1/23 | Joinder of the Texas State Securities Board and Texas Department of Banking to the Motions of the United States Trustee, State of Wisconsin, and Vermont Department of Financial Regulation for Entry of an Order Directing the Appointment of an Examiner |
| 601 | 2/1/23 | United States Trustee's Omnibus Reply to Objections to Motion for Entry of an Order Directing the Appointment of an Examiner |
| 603 | 2/1/23 | Second Supplemental Declaration of Bruce Mendelsohn in Support of the Debtors' Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors *Nunc Pro Tunc* to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h) |
| 607 | 2/2/23 | Limited Objection of the United States Trustee to Rule 2004 Motions |
| 615 | 2/3/23 | Order Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors *Nunc Pro Tunc* to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h) |
| 617 | 2/3/23 | Final Pretrial Order (as Submitted by United States Trustee) |
| 619 | 2/5/23 | Reply of the Debtors and the Official Committee of Unsecured Creditors in Support of Motions Authorizing Rule 2004 Examinations |
| 620 | 2/5/23 | Final Pretrial Order (as Entered) |
| 630 | 2/7/23 | First Supplemental Declaration of Erez E. Gilad in Support of Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022, and Notice of Increase in Hourly Rates |

| 632 | 2/7/23 | Transcript of Hearing Held on February 6, 2023 |
|---|---|---|
| 634 | 2/7/23 | Notice of the Proposed Expansion of Services to be Provided by Ernst & Young LLP to the Debtors |
| 635 | 2/7/23 | Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022 |
| 641 | 2/7/23 | Notice of Filing of Monthly Staffing Report and Compensation Report by Owl Hill Advisory, LLC for the Period November 11, 2022 Through December 31, 2022 |
| 644 | 2/7/23 | First Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From the Petition Date Through and Including December 31, 2022 |
| 645 | 2/7/23 | First Monthly Fee Statement of AlixPartners, LLP, Forensic Investigation Consultant to the Chapter 11 Debtors and Debtors-in-Possession, for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From November 28, 2022 Through December 31, 2022 |
| 646 | 2/7/23 | First Monthly Fee Statement of Landis Rath & Cobb LLP as Bankruptcy Co-Counsel to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From November 11, 2022 Through and Including December 31, 2022 |
| 647 | 2/7/23 | First Monthly Fee Statement of Alvarez & Marsal North America, LLC as Financial Advisors to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From November 11, 2022 Through and Including November 30, 2022 |
| 648 | 2/7/23 | First Monthly Fee Statement of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From November 12, 2022 Through and Including November 30, 2022 |
| 649 | 2/8/23 | Supplemental Declaration of Matthew B. Lunn in Support of Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel, Effective as of December 22, 2022 |

| 650 | 2/8/23 | Supplemental Declaration of Alex van Voorhees in Support of Application of the Official Committee of Unsecured Creditors to Retain and Employ Young Conaway Stargatt & Taylor, LLP as Co-Counsel, Effective as of December 22, 2022 |
| --- | --- | --- |
| 655 | 2/8/23 | Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examinations |
| 656 | 2/8/23 | Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery in Connection With Confidential Investigation |
| 657 | 2/8/23 | Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel for the Official Committee of Unsecured Creditors, Effective as of December 22, 2022 |
| 680 | 2/9/23 | Objection of the United States Trustee to the Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of December 22, 2022 |
| 692 | 2/10/23 | Notice of Filing of Monthly Staffing Report and Compensation Report by RLKS Executive Solutions LLC for the Period November 15, 2022 Through December 31, 2022 |
| 694 | 2/13/23 | Reply of the Official Committee of Unsecured Creditors to Objection of the United States Trustee to the Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors |
| 695 | 2/13/23 | Declaration of Alex van Voorhees in Support of the Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors |
| 696 | 2/13/23 | Supplemental Declaration of Steven Simms in Support of the Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors |
| 712 | 2/13/23 | Notice of Filing Corrected Summary Chart to Fee Statement of Quinn Emanuel Urquhart & Sullivan, LLP |

| 720 | 2/14/23 | First Supplemental Declaration of Leon Szlezinger in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a), Effective as of December 23, 2022 and (II) Waiving Certain Time-Keeping Requirements |
| --- | --- | --- |
| 721 | 2/14/23 | Second Monthly Fee Statement of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From December 1, 2022 Through and Including December 31, 2022 |
| 723 | 2/14/23 | Second Monthly Fee Statement of Alvarez & Marsal North America, LLC as Financial Advisors to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From December 1, 2022 Through and Including December 31, 2022 |
| 724 | 2/14/23 | Second Supplemental Declaration of Steven Simms in Support of the Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors |
| 726 | 2/14/23 | Notice of Filing of Monthly Staffing Report and Compensation Report by Owl Hill Advisory, LLC for the Period January 1, 2023 Through January 31, 2023 |
| 729 | 2/15/23 | Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a), Effective as of December 23, 2022 and (II) Waiving Certain Time-Keeping Requirements |
| 730 | 2/15/23 | Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of December 22, 2022 |
| 737 | 2/16/23 | Transcript of Hearing Held on February 15, 2023 |
| 745 | 2/21/23 | Certification of Counsel |
| 746 | 2/21/23 | Order Denying Motion for the Appointment of an Examiner |
| 805 | 3/6/23 | Notice of Appeal and Statement of Election |
| 809 | 3/6/23 | Exhibit A to Notice of Appeal |

*In re FTX Digital Markets, Ltd.*, **Bankr. D. Del. Case No. 22-11217 (JTD)**:

The U.S. Trustee designates the following item for inclusion in the record on appeal because it was referenced by the Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner, Docket No. 176:

| Docket No. | Date | Description |
|---|---|---|
| 2 | 11/15/22 | Declaration of Brian Cecil Simms KC in Support of Petition for Recognition Under Chapter 15 of the Bankruptcy Code |

**Exhibits Admitted Into Evidence at the February 6, 2023 Evidentiary Hearing Held in *In re FTX Trading Ltd., et al.*, Bankr. D. Del. Case No. 22-11068 (JTD) (Jointly Administered)**:

The U.S. Trustee designates the following items for inclusion in the record on appeal because they were admitted into evidence at the February 6, 2023 evidentiary hearing:

| Trial Exhibit Designation | Description |
|---|---|
| Joint Exhibit 1-A | Chapter 11 Voluntary Petition of FTX Trading Ltd., Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 1 |
| Joint Exhibit 1-B | Chapter 11 Voluntary Petition of Alameda Research LLC, Bankr. D. Del. Case No. 22-11066 (JTD), Docket Entry 1 |
| Joint Exhibit 1-C | Chapter 11 Voluntary Petition of West Realm Shires Inc. Bankr. D. Del. Case No. 22-11183 (JTD), Docket Entry 1 |
| Joint Exhibit 2 | Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 24 |
| Joint Exhibit 3 | Supplemental Declaration of John J. Ray III in Support of First Day Pleadings, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 92 |
| Joint Exhibit 4 | Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 93 |
| Joint Exhibit 5 | Notice of Filing First Day Hearing Presentation, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 115 |

| Joint Exhibit 6 | Transcript of First Day Hearing Before the Honorable John T. Dorsey, United States Bankruptcy Judge, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 142 [admitted solely for the purpose of establishing that the hearing occurred, and this transcript was the record of it] |
|---|---|
| Joint Exhibit 8 | Testimony of Mr. John J. Ray III CEO, FTX Debtors December 13, 2022 House Financial Services Committee, Exhibit A to Reservation of Rights and Limited Objection of the Ad Hoc Committee of Non-US Customers of FTX.com to Motion of Debtors for Entry of Orders (1)(A) Approving Bid Procedures, Stalking Horse Protections and the Form and Manner of Notices for the Sale of the Certain Businesses; (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s) and (II)(A) Approving the Sale(s) Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 371, Exh. A [only Exhibit A was admitted into evidence; the rest of Docket Entry 371 was not admitted] |
| Joint Exhibit 9 | Notice of Presentation to the Official Committee of Unsecured Creditors, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 507 |
| Joint Exhibit 10 | List of S[ullivan] & C[romwell LLP] November Timekeepers, Exhibit 1 to the Second Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 533, Exh. 1 |
| Joint Exhibit 11 | Indictment, United States of America v. Samuel Bankman-Fried, S.D.N.Y. Case No. 22-cr-00673, Docket Entry 1 [admitted solely for the purpose of establishing the existence of the document] |
| Joint Exhibit 12 | Amended Complaint, Commodity Futures Trading Commission v. Samuel Bankman-Fried, et al., S.D.N.Y. Case 1:22-cv-10503-PKC, Docket Entry 13 [admitted solely for the purpose of establishing the existence of the document] |
| Joint Exhibit 13 | Notice of Filing of Consolidated Lists of Top 50 Creditors, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 162 |
| Joint Exhibit 14 | Notice of Filing of Revised Dotcom List of Top 50 Creditors, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 540 |

| Joint Exhibit 15 | FTX Interim Financial Update, Petition Dates through 12/31/22, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 597 |
|---|---|
| Joint Exhibit 16 | Debtors' Responses and Objections to the United States Trustee's First Request for the Production of Documents to the Debtors, dated January 31, 2023 |
| Joint Exhibit 17 | Debtors' Responses and Objections to the United States Trustee's First Set of Interrogatories to Debtors, dated January 31, 2023 |
| Joint Exhibit 18 | Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 57 |
| Joint Exhibit 19 | Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 510 |
| Joint Exhibit 20 | Supplemental Declaration of John J. Ray III in Support of Debtors' Applications for Orders Authorizing the Retention and Employment of Sullivan & Cromwell LLP, Alix Partners LLP and Quinn Emanuel Urquhart & Sullivan, LLP, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 511 |
| Joint Exhibit 21 | Declaration of James L. Bromley in Support of Debtors' Objection to Motion of the United States Trustee for Entry of Order Directing the Appointment of an Examiner, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 576 |
| Joint Exhibit 22 | The United States Trustee's Objections and Responses to Debtors' First Request for Production of Documents, dated January 24, 2023 |
| Joint Exhibit 23 | The United States Trustee's Objections and Responses to the Debtors' First Set of Interrogatories, dated January 24, 2023 |
| Debtor's Exhibit 1 | Omnibus Corporate Authority dated November 10, 2022,[2] Exhibit A to Declaration of Brian D. Glueckstein in Further Support of Debtors' Objection to Motion of the United States Trustee for Entry of Order Directing the Appointment of an Examiner, Bankr. D. Del. Case No. 22-11068 (JTD), Docket Entry 613 [only Exhibit A was admitted into evidence; the rest of Docket Entry 613 was not admitted] |

---

[2] This document is also included in Joint Exhibit 1-A at page 12 of 23, Joint Exhibit 1-B at page 12 of 23, and Joint Exhibit 1-C at page 11 of 23.

Joint Exhibits 16, 17, 22 and 23, which were admitted into evidence at the February 6, 2023 hearing, have not been filed on the Bankruptcy Court docket.  Pursuant to Del. Bankr. L.R. 8009-1(b), Joint Exhibits 16, 22, and 23 are attached hereto as Attachments 1, 3, and 4, respectively.  Joint Exhibit 17 is presently omitted because the Debtors may view it as containing sensitive information.  Appellant's counsel has raised this matter with Debtors' counsel and intends to file (1) a joint motion to seal or (2) an unredacted version of Joint Exhibit 17 as soon as practicable.

[Remainder of page intentionally left blank]

Dated: March 20, 2023
      Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Benjamin Hackman*
Benjamin A. Hackman
Trial Attorney
Juliet M. Sarkessian
Trial Attorney
Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
Robert J. Schneider, Jr.
Trial Attorney
Department of Justice
Office of the United States Trustee
One Newark Center
1085 Raymond Boulevard, Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov
robert.j.schneider@usdoj.gov

**Attachment 1**

**Joint Exhibit 16: Debtors' Responses and Objections to the United States Trustee's First Request for the Production of Documents to the Debtors, dated January 31, 2023**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DEBTORS' RESPONSES AND OBJECTIONS TO
## THE UNITED STATES TRUSTEE'S FIRST REQUEST
## <u>FOR THE PRODUCTION OF DOCUMENTS TO THE DEBTORS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable by rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and any other applicable law, rules, or orders of the Court (collectively, the "<u>Applicable Rules</u>"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), by their undersigned attorneys, hereby submit these responses and objections (the "<u>Responses and Objections</u>") to *The United States Trustee's First Request for the Production of Documents to the Debtors* (the "<u>Requests</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>").

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Subject to and without waiving any objection herein, the Debtors are willing to meet and confer in good faith with the Office of the United States Trustee (the "U.S. Trustee") regarding the Requests and the Responses and Objections.

## GENERAL OBJECTIONS

The general objections set forth below (the "General Objections") apply to the Requests generally and to each Definition, Instruction, and specific Request and, unless otherwise stated, shall have the same force and effect as if fully set forth in response to each Definition, Instruction, and specific Request. Any objection to a Definition or Instruction shall also apply to any other Definition, Instruction, or specific Request that incorporates that Definition or Instruction. No response to any specific Request is, or shall be deemed to be, a waiver of the General Objections or to the specific objections set forth therein (collectively, the "Objections"). The fact that an objection is not listed herein does not, and shall not, constitute a waiver of that objection or otherwise preclude the Debtors from raising that objection at a later time.

1. The Debtors object to the Requests, and to each Definition and Instruction contained therein, on the ground that they seek information that is irrelevant to the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [D.I. 176] (the "Examiner Motion").

2. The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, or seek information that is neither relevant to a party's claim or defense nor proportional to the needs of the Chapter 11 Cases. The Debtors will construe the Requests, and each Definition and Instruction contained therein, in accordance with the Debtors' obligations under the Applicable Rules.

3.      The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, or inconsistent with, the permissible scope of discovery under the Applicable Rules.  The Debtors will construe the Requests, and each Definition and Instruction contained therein, in accordance with the Debtors' obligations under the Applicable Rules.

4.      The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.  Any inadvertent disclosure of information that is properly the subject of a claim of privilege is not, and shall not be deemed, a waiver, in whole or in part, of any privilege or protection.  The U.S. Trustee shall not use any inadvertently disclosed information that is properly the subject of a claim of privilege or other protection.

5.      The Debtors object to the Requests, and to each Definition and Instruction contained therein, insofar as they seek confidential information of the Debtors or their customers or counterparties, including information subject to third-party confidentiality requirements.

6.      The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they purport to require the Debtors to draw legal or factual conclusions, or are predicated on legal or factual conclusions or arguments.  No response to any specific Request is, or shall be construed as, a legal or factual conclusion concerning any of the terms used in the Request.

7.      The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they assume the existence of facts that do not exist or the

occurrence of events that did not take place. No response to any specific Request is, or shall be construed as, an admission that any factual predicate stated in the Request is accurate.

8.     The Debtors object to the Requests, and to each Definition and Instruction contained therein, insofar as they seek production of information that is a matter of public record and/or information that is equally available to the U.S. Trustee, or otherwise more appropriately directed to another party or person.

9.     The Debtors object to the Requests, and to each Definition and Instruction contained therein, insofar as they seek documents outside of the Debtors' possession, custody, or control.

10.     The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent they call for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, or require more than a reasonable search.

11.     The Debtors' Responses and Objections are based solely on facts reasonably known to the Debtors at the time of responding to the Requests. The Debtors reserve the right, but do not assume the obligation, to amend, supplement, or otherwise modify the content of these Responses and Objections at any time.

12.     Any failure of the Debtors to make a specific objection to any specific Request, or any Definition or Instruction contained therein, is not, and shall not be construed as, a waiver of the Debtors' right to object on additional grounds. The Debtors reserve the right to use or rely on, at any time, any subsequently discovered information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

13.     The Debtors reserve all objections that may be available to them at any hearing or trial or on any motion to the use or admissibility of any material produced.  The production of any material does not constitute an admission by the Debtors that such material or the information contained therein is relevant to the Examiner Motion or admissible in evidence.  No incidental or implied admissions are intended by the objections herein, nor shall the fact that the Debtors have objected or responded to a particular Request be construed as an admission or indication that the Debtors possess documents responsive to such Request or any other Request or that such objections or responses constitute admissible evidence.

## **OBJECTIONS TO DEFINITIONS**

1.     The Debtors object to each of the Definitions, and to any Definition, Instruction, or Request that incorporates the Definitions, to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the Applicable Rules.

2.     The Debtors further object to Definition d ("Person"), and to any Definition, Instruction, or Request that incorporates the Definition, on the grounds that the Definition is overly broad, vague, and unduly burdensome to the extent that the Definition includes, "proprietorships, joint ventures, corporations, public corporations, municipal corporations, the Federal Government and all departments and agencies thereof, state governments, local governments, other governmental agencies, political subdivisions, partnerships, groups, associations or organizations."  The Debtors also object to Definition d, and to any Definition, Instruction, or Request that incorporates the Definition, to the extent that it encompasses third parties and/or information that are not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable

privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

## OBJECTIONS TO INSTRUCTIONS

1.      The Debtors object to each Instruction, and to any Definition, Instruction, or Request that incorporates that Instruction, to the extent that it purports to impose on the Debtors any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the Applicable Rules.  The Debtors will construe the Requests, and each Definition and Instruction contained therein, in accordance with the Applicable Rules.

2.      The Debtors object to the Instructions, and to each individual Instruction contained therein, on the grounds that they are overly broad and unduly burdensome to the extent they do not provide any limit on the identity or number of custodians with respect to whom a search for responsive, non-privileged documents, to the extent any exist, should be conducted.

3.      The Debtors object to the Instructions, and to each individual Instruction contained therein, on the grounds that they are overly broad and unduly burdensome to the extent they do not provide any limit on the physical locations with respect to which a search for responsive, non-privileged documents, to the extent they exist, should be conducted.  The Debtors also object to the Instructions, and to each individual Instruction contained therein, to the extent they do not provide any limit on the electronic locations with respect to which a search for responsive, non-privileged documents, to the extent any exist, should be conducted.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

## REQUEST FOR PRODUCTION NO. 1

All documents the Debtors intend to mark as exhibits, or offer into evidence, at the hearing on the Examiner Motion.

## SPECIFIC OBJECTIONS AND RESPONSE

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 1 to the extent that it purports to seek the discovery of information that is protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege. The Debtors further object to Request No. 1 to the extent it seeks the production of information that is a matter of public record and/or information that is equally available to the U.S. Trustee.

Subject to and without waiver of the foregoing objections, the Debtors refer the U.S. Trustee to the list of publicly-available documents identified in *Debtors' Responses and Objections to United States Trustee's First Set of Interrogatories*. The Debtors reserve all rights to mark additional documents as exhibits or offer additional documents into evidence at the Examiner Motion Hearing. The Debtors will produce any other materials that Debtors intend to mark as exhibits or offer into evidence to the extent disclosure is required under the Applicable Rules no later than 12:00 pm on Thursday, February 2, 2023.

## REQUEST FOR PRODUCTION NO. 2

As to each Debtor who is **not** included in the Debtors' response to the U.S. Trustee's Interrogatory **No. 3**, documents sufficient to establish the amounts and nature of all of such Debtor's debts, including whether each such debt is for goods, services or taxes, and to whom each such debt is owed, and whether each such debt is fixed, liquidated, and unsecured.

## SPECIFIC OBJECTIONS AND RESPONSE

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 2 on the grounds that it is overly broad and unduly burdensome to the extent that the Request seeks information related to all of the 102 Debtors.

Subject to and without waiver of the foregoing objections, the Debtors have reached a stipulation with the U.S. Trustee that eliminates the need for Debtors to respond to Request No. 2.

## REQUEST FOR PRODUCTION NO. 3

All documents reflecting any budget or estimate relating to the cost of any investigation to be performed by any of the Debtors' professionals of the events that caused, or lead up to, the Debtors filing for chapter 11 protection, or any investigation into any fraud, dishonesty, incompetence, misconduct, mismanagement or irregularity in the management of, or of negligence or gross negligence or breach of fiduciary duties in connection with, the affairs of any of the Debtors of or by current or former management of any of the Debtors, or by any current or former directors or employees of any of the Debtors.

## SPECIFIC OBJECTIONS AND RESPONSE

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 3 on the ground that it is irrelevant to the Examiner Motion because it seeks information regarding Debtors' "budget . . . relating to the cost of any investigation to be performed," which is irrelevant to the Court's analysis of whether an examiner should be appointed. *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (Silverstein, J.) ("[T]raditional discovery, . . . narrowly focuses on the issues germane to the dispute."). The Debtors further object to Request No. 3 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

## REQUEST FOR PRODUCTION NO. 4

All documents identified in any of the Debtors' responses to any of the U.S. Trustee's Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSE

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 4 to the extent that it purports to seek the

discovery of information that is protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege. The Debtors further object to Request No. 4 to the extent it seeks the production of information that is a matter of public record and/or information that is equally available to the U.S. Trustee.

Subject to and without waiver of the foregoing objections, the Debtors refer the U.S. Trustee to Debtors' Response to Request No. 1.

Dated: January 31, 2023  
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*  
Adam G. Landis (No. 3407)  
Kimberly A. Brown (No. 5138)  
Matthew R. Pierce (No. 5946)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
E-mail: landis@lrclaw.com  
       brown@lrclaw.com  
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**  
Andrew G. Dietderich (admitted *pro hac vice*)  
James L. Bromley (admitted *pro hac vice*)  
Brian D. Glueckstein (admitted *pro hac vice*)  
Alexa J. Kranzley (admitted *pro hac vice*)  
125 Broad Street  
New York, NY 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588  
E-mail: dietdericha@sullcrom.com  
       bromleyj@sullcrom.com  
       gluecksteinb@sullcrom.com  
       kranzleya@sullcrom.com

*Counsel for the Debtors*  
*and Debtors-in-Possession*

**Attachment 2**

**Joint Exhibit 17: Debtors' Responses and Objections to the United States Trustee's First Set of Interrogatories to Debtors, dated January 31, 2023**

Joint Exhibit 17 is presently omitted because the Debtors may view it as containing sensitive information.  Appellant's counsel has raised this matter with Debtors' counsel and intends to file (1) a joint motion to seal or (2) an unredacted version of Joint Exhibit 17 as soon as practicable.

**Attachment 3**

**Joint Exhibit 22: The United States Trustee's Objections and Responses to Debtors' First Request for Production of Documents, dated January 24, 2023**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| | : | |
| *In re* | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |
| | : | |

## UNITED STATES TRUSTEE'S OBJECTIONS AND RESPONSES
## TO DEBTORS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S.

Trustee"), by and through his undersigned counsel, hereby objects and responds to *Debtors'*

*First Request for Production of Documents* (the "Document Request").  The U.S. Trustee

reserves his right to supplement or amend his responses as permitted by the Federal Rules of

Civil Procedure or the Federal Rules of Bankruptcy Procedure.

## GENERAL OBJECTIONS

1.     The U.S. Trustee objects to each of the requests in the Document Request

(each a "Request" and collectively the "Requests") to the extent they seek to impose

obligations greater than those imposed by the Federal Rules of Civil Procedure or the Federal

Rules of Bankruptcy Procedure, and applicable orders of this Court.

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2.      The U.S. Trustee objects to each of the Requests to the extent they seek information or documents protected from discovery by reason of the attorney-client privilege, the work-product doctrine, the deliberative-process privilege, or any other privilege or immunity available to the U.S. Trustee.  The U.S. Trustee will produce only non-privileged documents that are otherwise responsive and not objectionable to each request.

3.      The U.S. Trustee objects to each of the Requests to the extent they seek material prepared in anticipation of or in conjunction with litigation.

4.      The U.S. Trustee objects to each of the Requests to the extent they seek information that is in the public domain, or is already in the possession of the Debtors.

5.      The U.S. Trustee objects to each of the Requests to the extent any of them utilizes words or phrases that: (1) assume facts not established; (2) constitute, form, imply, require, or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion.   Any answer by the U.S. Trustee does not constitute any agreement with, or acceptance of, any such assumptions, implications, conclusions, descriptions or characterizations.

6.      The U.S. Trustee objects to each of the Requests to the extent they require the U.S. Trustee to produce documents that are not within his possession, custody or control, or to respond on behalf of, or to produce documents from files maintained by, any entity or individual other than the U.S. Trustee, his counsel or employees of the Office of the U.S. Trustee, Region 3.

7.      The U.S. Trustee objects to each of the Requests to the extent they are overly broad and unduly burdensome.

2

8.      The U.S. Trustee objects to each of the Requests to the extent they are vague, ambiguous, and/or use undefined terms.

9.      The U.S. Trustee objects to each of the Requests to the extent they seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

10.     In each and every answer, or subpart thereof, where the U.S. Trustee interposes an objection, such objection shall be construed to preserve all of the U.S. Trustee's rights to enter similar objections as to any future supplemental answer to such Requests. Moreover, a failure to object herein shall not constitute a waiver of any objections that the U.S. Trustee may interpose as to future supplemental answers.

11.     The U.S. Trustee's failure to object to any Request on a particular ground or grounds shall not be construed as any type of waiver of the right to object on any additional ground.

12.     Any response or objection to any or all of a Request does not necessarily mean that any documents exist or are in the possession, custody or control of the U.S. Trustee that are responsive to any specific category of documents demanded.

13.     In each and every answer, or subpart thereof, where the U.S. Trustee interposes an objection, such objection shall be construed to apply to any other Request seeking documents similar to those sought by the Request to which the objection is made.

14.     In each and every answer, or subpart thereof, where the U.S. Trustee interposes an objection and nevertheless agrees to provide certain documents, such response and the accompanying production of documents are made subject to and without waiving these General Objections.  In addition, for each response where the U.S. Trustee does not set forth an

3

objection, the U.S. Trustee's response and accompanying production of documents are made subject to and without waiving these General Objections.

15.     Any response made by the U.S. Trustee to the Document Request shall not constitute an admission of any fact nor a waiver of any right nor the admissibility of any document produced.

16.     All General Objections are incorporated by reference into each response as if set forth fully therein.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Copies of all Documents or Communications that the U.S. Trustee will use or may offer as exhibits at the Examiner Motion Hearing.

> **RESPONSE**: The U.S. Trustee incorporates the General Objections.  Subject to those General Objections, the U.S. Trustee identifies the following non-privileged documents that are responsive to this request, and shall produce such non-privileged documents to the extent they are not (i) already within the possession of the Debtors or their agents or (ii) publicly available:
>
> 1. The Chapter 11 Petitions of all Debtors.
>
> 2. The *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [22-11068 D.I. 24][2];
>
> 3. The *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92];

---

[2]     All items listed that are in the form of transcripts of testimony will be submitted pursuant to Federal Rule of Evidence 801(d)(2).

4. The *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93];

5. *Notice of Filing First Day Hearing Presentation* [D.I. 115];

6. Transcript of First Day Hearing Before the Honorable John T. Dorsey Chief United States Bankruptcy Judge [D.I. 142];

7. Transcript of Section 341 Meeting Held December 20, 2022;

8. *Testimony of Mr. John J. Ray III CEO, FTX Debtors December 13, 2022 House Financial Services Committee* [D.I. 371 Exh. A];

9. *Notice of Presentation to the Official Committee of Unsecured Creditors* [D.I. 507];

10. *Exhibit 1 to the Second Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* [D.I. 533];

11. Indictment, *United States of America v. Samuel Bankman-Fried*, 22-cr-00673 (S.D.N.Y.) [D.I. 1];

12. Amended Complaint, *Commodity Futures Trading Commission v. Samuel Bankman-Fried*, et al., Case 1:22-cv-10503-PKC [D.I. 13];

13. Any documents produced by the Debtors in response to the U.S. Trustee's document requests;

14. Any documents designated by other parties as trial exhibits in connection with the hearing on the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [D.I. 176].

The U.S. Trustee reserves the right to supplement his response to this request.

Dated: January 24, 2023
      Wilmington, Delaware

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Juliet M. Sarkessian*
Juliet M. Sarkessian
Trial Attorney
Benjamin A. Hackman
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ 07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov

**Attachment 4**

**Joint Exhibit 23: The United States Trustee's Objections and Responses to the Debtors'
First Set of Interrogatories, dated January 24, 2023**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| | : | |
| *In re* | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |
| | : | |

## UNITED STATES TRUSTEE'S OBJECTIONS AND RESPONSES TO THE DEBTORS' FIRST SET OF INTERROGATORIES

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through his undersigned counsel, hereby objects and responds to the *Debtors' First Set of Interrogatories to the U.S. Trustee* (the "Interrogatory Requests"). The U.S. Trustee reserves his right to supplement or amend his responses as permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

## GENERAL OBJECTIONS

1. The U.S. Trustee objects to the Interrogatory Requests of FTX Trading Ltd. and its jointly administered co-debtors (collectively the "Debtors") to the extent they purport to impose any obligations beyond those required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and applicable orders of this Court.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2.   The U.S. Trustee objects to the Interrogatory Requests to the extent they seek information that is protected by the attorney/client privilege, work product doctrine, the deliberative-process privilege and/or any other applicable privilege, doctrine or immunity, and/or to the extent they seek discovery of information developed or prepared in anticipation of litigation or in conjunction with litigation.

3.   The U.S. Trustee objects to the Interrogatory Requests to the extent they seek information that is not relevant, and/or is not reasonably calculated to lead to the discovery of admissible evidence in these proceedings.

4.   The U.S. Trustee objects to the Interrogatory Requests to the extent they are overly broad.

5.   The U.S. Trustee objects to the Interrogatory Requests to the extent that responding would be unduly burdensome, expensive, harassing, and oppressive.

6.   The U.S. Trustee objects to the Interrogatory Requests to the extent they are vague, ambiguous, and/or use undefined terms.

7.    The U.S. Trustee objects to the Interrogatory Requests to the extent that the information sought can be obtained by simpler, less burdensome and/or less expensive means, or is in the public domain or in the possession of the Debtors.

8.   The U.S. Trustee objects to the Interrogatory Requests to the extent they utilize words or phrases that: (1) assume facts not established; (2) constitute, form, imply, require, or call for a legal conclusion; or (3) incorporate a characterization based upon a legal conclusion. Any answer by the U.S. Trustee does not constitute any agreement with, or acceptance of, any such assumptions, implications, conclusions, descriptions or characterizations.

9.  The fact that the U.S. Trustee responds to any Interrogatory Request is not an admission that the information being sought is relevant or admissible.

10. In each and every answer, or subpart thereof, as to which the U.S. Trustee interposes an objection, such objection shall be construed to preserve all of the U.S. Trustee's rights to enter similar objections as to any future supplemental answer to such Interrogatory Requests.  Moreover, a failure to object herein shall not constitute a waiver of any objections the U.S. Trustee may interpose as to future supplemental answers.

11. The U.S. Trustee's failure to object to any Request on a particular ground or grounds shall not be construed as any type of waiver of the right to object on any additional ground.

12. In each and every answer, or subpart thereof, in which the U.S. Trustee interposes an objection, such objection shall be construed to apply to any other Interrogatory Request seeking information similar to that sought by the Interrogatory Request to which the objection is made.

13. In each and every answer, or subpart thereof, in which the U.S. Trustee interposes an objection but nevertheless agrees to provide certain information, such response is made subject to and without waiving these General Objections.  In addition, for each response in which the U.S. Trustee does not set forth an objection, the U.S. Trustee's response is made subject to and without waiving these General Objections.

14.  All General Objections are incorporated by reference into each response as if set forth fully therein.  The U.S. Trustee's failure to object to a specific Interrogatory Request on a particular ground or grounds shall not be construed as a waiver of its rights to object on any

additional ground(s).  The U.S. Trustee reserves the right to amend and/or supplement its

responses and objections to the Interrogatory Requests with further investigation or discovery.

## RESPONSES TO INTERROGATORY REQUESTS

### Interrogatories

1.      Provide a list of all witnesses that the U.S. Trustee will call or might call at the

Examiner Motion Hearing.

      **RESPONSE**: The U.S. Trustee incorporates the General Objections.  Subject to those

      General Objections, the U.S. Trustee intends to call, or may call, John J. Ray III.  The

      U.S. Trustee reserves the right to add additional witnesses, and to call on direct

      examination any witness(es) designated or called by the Debtors, the official committee

      of unsecured creditors, or any other party participating in the Examiner Motion

      Hearing.

2.      Provide the basis for Your statement that the appointment of an examiner is in

the best interests of the Debtors' creditors and other parties in interest.

      **RESPONSE**: The U.S. Trustee incorporates the General Objections.  The U.S. Trustee

      specifically objects to this Interrogatory because it seeks a legal conclusion.  Subject

      to those objections, the U.S. Trustee states that the basis for his position that the

      appointment of an examiner is in the best interests of the Debtors' creditors and other

      parties in interest is set forth in the Examiner Motion.  An  investigation and report by

      an examiner, who is not a party in interest in these Chapter 11 Cases, and does not

      represent any party in interest in these Chapter 11 Cases,  would provide the Court and

      the  public  with  an  independent,  unbiased  analysis  of  any  allegations  of  fraud,

4

dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by current or former management of the Debtors and identify potential claims and causes of action which arise from that analysis.

3.    State what You believe is the appropriate scope of the work of an examiner in the event the Court should order the appointment of an examiner.

**RESPONSE**: The U.S. Trustee incorporates the General Objections.  Subject to those objections, the U.S. Trustee states that he believes that if an examiner is appointed, he or she should perform the duties set forth in 11 U.S.C. § 1104(c) and 11 U.S.C. § 1106(b).  The scope of work is typically established at a hearing subsequent to the examiner's appointment (the "work plan" hearing), after the examiner has had a preliminary opportunity to meet with key parties in interest about the allegations which led to the appointment.

4.    State whether You believe that an examiner, if appointed, will seek to appoint advisors.  If you believe yes, state what types of advisors You expect an examiner to seek to retain (*e.g.*, lawyers, financial advisors, others).

**RESPONSE**: The U.S. Trustee incorporates the General Objections.  The U.S. Trustee further objects to this Interrogatory as calling for speculation.  Subject to those objections, the U.S. Trustee states that he does not have knowledge of what advisors an examiner, if appointed, would seek to retain.  The U.S. Trustee does not have knowledge of:  (i) who the examiner, if appointed, would be; (ii) his/her background,

5

credentials, and expertise; and (iii) the scope of services the Court would authorize the examiner to perform in the Chapter 11 Cases.

5.      State whether You have a view as to the range of the expected cost of an examiner (including the cost of advisors) in the Chapter 11 Cases:  less than $10 million, $10 million to $25 million, $25 million to $50 million, or greater than $50 million.

**RESPONSE**: The U.S. Trustee incorporates the General Objections. The U.S. Trustee further objects to this Interrogatory as calling for speculation.  Subject to those objections, the U.S. Trustee states that he does not have knowledge of:  (i) who the examiner, if appointed, would be; (ii) his/her background, credentials, and expertise; (iii) the scope of services the Court would authorize the examiner to perform in the Chapter 11 Cases; and (iv) the identity of the advisors whom the examiner may be authorized to employ to assist him/her in the performance of the examiner's duties.

6.      State whether You took into account the expected cost of an examiner (including cost of advisors) when deciding to seek the appointment of an examiner in the Chapter 11 Cases.

**RESPONSE**: The U.S. Trustee incorporates the General Objections.  The U.S. Trustee specifically objects to this Interrogatory as seeking information that is protected from discovery by the attorney/client privilege, work product doctrine, and the deliberative-process privilege.

7.     State whether You took into account the existence of ongoing criminal investigations into the failure of the Debtors when deciding to seek the appointment of an examiner in the Chapter 11 Cases.

> **RESPONSE**: The U.S. Trustee incorporates the General Objections.  The U.S. Trustee specifically objects to this Interrogatory as seeking information that is protected from discovery by the attorney/client privilege, work product doctrine, and the deliberative-process privilege.   The U.S. Trustee further objects to this Interrogatory as including a phrase ("failure of the Debtors") that is vague, ambiguous and/or uses undefined terms.

8.     State whether You believe the appointment of an examiner will have a negative impact on the ongoing criminal investigations into the failure of the Debtors.  If no, state why not.

> **RESPONSE**: The U.S. Trustee incorporates the General Objections.   The U.S. specifically objects to this Interrogatory because it seeks information that is protected from discovery by the attorney/client privilege, work product doctrine, and the deliberative-process privilege.  The U.S. Trustee further objects to this Interrogatory because it calls for speculation. The U.S. Trustee further objects to this Interrogatory as including a phrase ("failure of the Debtors") that is vague, ambiguous and/or uses undefined terms. Subject to those objections, the U.S. Trustee states that he does not believe the appointment of an examiner would have a negative impact any ongoing criminal investigations into the failure of the Debtors because the Bankruptcy Court can direct an examiner not to duplicate or impede the work of government

7

investigations.  *See*, *e.g.*, *In re Cred Inc.*, *et al.*, 20-12836 (JTD) (Bankr. D. Del.) D.I.
281 ¶ 10.


9.    State whether You took into account the Debtors' ability to pursue causes of
action relating to the failure of the Debtors when deciding to seek the appointment of an
examiner in the Chapter 11 Cases.

**RESPONSE**: The U.S. Trustee incorporates the General Objections.  The U.S. Trustee
specifically objects to this Interrogatory because it seeks information that is protected
from discovery by the attorney/client privilege, work product doctrine, and the
deliberative-process privilege.  The U.S. Trustee further objects to this Interrogatory
as including a phrase ("failure of the Debtors") that is vague, ambiguous and/or uses
undefined terms.


10.    State whether You believe the appointment of an examiner will have a negative
impact on the Debtors' ability to pursue causes of action relating to the failure of the Debtors.
If no, state why not.

**RESPONSE**:  The U.S. Trustee incorporates the General Objections.    The U.S.
Trustee specifically objects to this Interrogatory because it seeks information that is
protected from discovery by the attorney/client privilege, work product doctrine, and
the  deliberative-process  privilege.    The  U.S.  Trustee  further  objects  to  this
Interrogatory as including a phrase ("failure of the Debtors") that is vague, ambiguous
and/or uses undefined terms.  Subject to those objections, the U.S. Trustee does not
believe  that  the  appointment  of  an  examiner  will  have  a  negative  impact  on  the

Debtors' ability to pursue any causes of action that may exist.  The U.S. Trustee further

states that the Debtors have yet to file asset schedules which identify causes of action.

Dated: January 24, 2023
      Wilmington, Delaware

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Juliet M. Sarkessian*
Juliet M. Sarkessian
Trial Attorney
Benjamin A. Hackman
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov