No. 23-cv-00241

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re FTX TRADING LTD., *et al.*, Debtors.

ANDREW R. VARA, UNITED STATES TRUSTEE, Appellant,

v.

FTX TRADING LTD., *et al.*, Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**MOTION OF APPELLANT ANDREW R. VARA,
UNITED STATES TRUSTEE, TO EXPEDITE CONSIDERATION OF THE MOTION
TO CERTIFY DIRECT APPEAL TO THE COURT OF APPEALS UNDER 28 U.S.C.
§ 158(d)(2), AND TO EXPEDITE CONSIDERATION OF THIS APPEAL**

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
FREDERICK GASTON HALL
SUMI K. SAKATA
Trial Attorneys
Department of Justice
Executive Office for
 United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel.: (202) 307-1399
Fac.: (202) 307-2397
frederick.g.hall@usdoj.gov
sumi.sakata@usdoj.gov

ANDREW R. VARA
United States Trustee
 for Regions 3 & 9
JOSEPH J. MCMAHON, JR.
Assistant United States Trustee
BENAJMIN A. HACKMAN
JULIET M. SARKESSIAN
Trial Attorneys
Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207,
 Lockbox 35
Wilmington, DE 19801
Tel.: (302) 573-6491
Fac.: (302) 573-6497
benjamin.a.hackman@usdoj.gov
juliet.m.sarkessian@usdoj.gov

Andrew R. Vara, United States Trustee for Regions Three and Nine (the "United States Trustee"),[1] through his counsel, files this motion (the "Motion") under Federal Rule of Bankruptcy Procedure 8013(a) to enter an order:

(1) expediting consideration of the United States Trustee's motion to certify direct appeal to the court of appeals under 28 U.S.C. § 158(d)(2); and

(2) expediting consideration of this appeal under Federal Rules of Bankruptcy Procedure 8013(a)(2)(B) and 8028.

Appellees FTX Trading Ltd., the Official Committee of Unsecured Creditors, and Joint Provisional Liquidators of FTX Digital Markets Ltd. in Provisional Liquidation do not consent to the relief requested in this Motion.

For the reasons set forth below, the matter presented in this appeal is time-sensitive and of great public interest, warranting the procedural relief requested.

In support thereof, the United States Trustee respectfully represents:

---

[1] The United States Trustee is a Department of Justice official appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581-589. United States Trustees "protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings." *In re United Artists Theatre Co. v. Walton*, 315 F.3d 217, 225 (3d Cir. 2003).

## BACKGROUND[2]

The question this appeal raises is purely a legal one: whether an examiner—an independent professional who investigates the conduct, assets, and liabilities of a debtor and its management and submits a written report to the court—must be appointed in a chapter 11 bankruptcy case like this one. All the appellate decisions, including the Sixth Circuit, say yes.[3] The court below said no. This is an important question here, and the government raises it to ensure the public gets thoughtful and thorough answers from a neutral examiner about what drove the debtors into bankruptcy and what lessons that imparts.

Examiners play an important role, which is why Congress mandated them. Unlike debtors-in-possession, they are neutral. Unlike creditors' committees, they are not bound to the interest of just one group of claimants.

Here, debtor FTX Trading Ltd. and its debtor-affiliates (jointly, "FTX"), with their millions of creditors worldwide, pose what the bankruptcy court deemed at the time as "both the latest and the largest failure" in the cryptocurrency crisis.

---

[2] A more complete factual background is provided in the United States Trustee's motion to certify direct appeal to the court of appeals under 28 U.S.C. § 158(d)(2), and the United States Trustee's merits brief, filed concurrently with this Motion.

[3] *See, e.g., In re Revco D.S., Inc.*, 898 F.2d 498, 500-01 (6th Cir. 1990); *Walton v. Cornerstone Ministries Invs., Inc.*, 398 B.R. 77, 82-84 (N.D. Ga. 2008).

Doc. 142 at 12:24-13:2 & & 13:15-17.[4]  FTX sought bankruptcy relief amid revelations that its former management failed to exercise basic corporate controls, failed to maintain reliable financial information, and used software to conceal their misuse of customer funds, among other misdeeds.  Doc. 24 ¶¶ 5, 65.

Within a few weeks of the filing of FTX's petitions, the United States Trustee moved for the appointment of an examiner under 11 U.S.C. § 1104(c).  Doc. 176.  That statute provides:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court *shall* order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, *if*--
>
> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; *or*
>
> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c) (emphasis added).

An appointed examiner must investigate and submit to the court a report "including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of

---

[4] Docket citations refer to the bankruptcy court's docket, *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del.).

the debtor, or to a cause of action available to the estate." *Id.* § 1106(a)(3), (4)(A) & (b).

The United States Trustee requested mandatory appointment of an examiner under section 1104(c)(2) because the statutory debt threshold was met. Doc. 176 ¶¶ 32-34. FTX, the unsecured creditors' committee (the "Committee"), and the Bahamian joint provisional liquidators of FTX Digital objected. Docs. 571, 572, & 573. They claimed that, contrary to the statutory language, section 1104(c)(2) did not mandate the appointment of an examiner even when the debt threshold is met. Doc. 571 at 8, 13-15; Doc. 572 at 3-7; Doc. 573 at 13-15, 20-23.

The bankruptcy court issued a bench ruling denying the United States Trustee's motion. The court held that appointment of an examiner under section 1104(c)(2) was not mandatory. Doc. 737 (Feb. 15, 2023 Hr'g Tr.) at 11:25-12:5. A written order followed. Doc. 746.

The United States Trustee timely appealed the bankruptcy court's order to this Court. Doc. 805.

On March 23, 2023, right after the Solicitor General authorized the government to seek certification under 28 U.S.C. § 158(d)(2),[5] the United States Trustee filed a motion seeking an order certifying a direct appeal to the court of

---

[5] *See* https://www.justice.gov/jm/civil-resource-manual-99-sgs-guidelines-direct-certified-appeals-bankruptcy-cases.

appeals under 28 U.S.C. § 158(d)(2) in the bankruptcy court, where under Bankruptcy Rule 8006(b), the matter remained "pending." Doc. 1142. But Bankruptcy Rule 8006(f)(3) provides parties 14 days to file a response to a certification motion, which would run past April 5, 2023, after which the bankruptcy court would lack authorization to resolve the motion. *See* Fed. R. Bankr. P. 8006(b) & (d); *Secs. Inv. Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC*, Adv. P. Nos. 08-01789 (SMB) & 11-02760 (SMB), 2017 WL 3084395, at *2 (Bankr. S.D.N.Y. July 19, 2017).

Although the United States Trustee filed a motion to expedite the bankruptcy court's consideration of the motion to certify, FTX and the Committee both objected, and the bankruptcy court declined to expedite its consideration. Docs. 1143, 1151, 1152 & 1185. As this matter is now pending before this Court, concurrently with this Motion the United States Trustee has filed his motion to enter an order certifying a direct appeal to the court of appeals under 28 U.S.C. § 158(d)(2).

## ARGUMENT

### I. This Appeal is Time-Sensitive and of Public Interest.

#### A.   Further Delays Expose This Appeal to Risk of Mootness and Potential Prejudice.

Under section 1104(c), "[i]f the court does not order the appointment of a trustee under this section, then *at any time before the confirmation of a plan*, on

request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner" if one of the two subsections are satisfied. 11 U.S.C. § 1104(c) (emphasis added). Thus, the timing of plan confirmation is critical to an examiner appointment.

The "statutory goal of every chapter 11 case" is the confirmation of a plan of reorganization, *see Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 465 n.4 (1999) (Stevens, J., dissenting), which occurs when a proposed plan has been ratified by creditors and approved by the court, 11 U.S.C. §§ 1126 & 1129. Debtors have a period of 120 days after the petition date in which only they may propose a chapter 11 plan, although the bankruptcy court may extend that exclusivity period up to 18 months after the petition date.[6] *Id*. §§ 1121(b) & (d). Other parties in interest may also propose a chapter 11 plan if: (i) the court does not extend that exclusivity period, or (ii) the debtor's proposed plan is not accepted either (a) before 180 days after the petition date, or (b) if the exclusivity period is extended, 20 months after the petition date. *Id*.

In the underlying bankruptcy cases, FTX has moved for an extension of its exclusive period to propose a chapter 11 plan until September 7, 2023; that request is still pending. Doc. 846. FTX's motion suggests that it intends to propose a plan on or before September 7, but it could propose a plan at any time. Alternatively, if

---

[6] FTX filed its bankruptcy petitions on November 11, 2022. Doc. 1.

FTX's extension motion is not granted, then other parties may propose a chapter 11 plan for confirmation at any time.  The Bankruptcy Rules provide for 28 days' notice for approval of the disclosure statement of a chapter 11 plan,[7] and another 28 days' notice for approval of a chapter 11 plan.  Fed. R. Bankr. P. 2002(b) & 3017(a).  Bankruptcy courts retain discretion to reduce those time periods for cause shown.  Fed. R. Bankr. P. 9006(c).

Thus, the process could move quickly—potentially within 56 days, or even less for cause—once a plan has been proposed.  Once a plan has been confirmed, then the relief that the United States Trustee seeks on appeal will potentially be moot, as the mandatory requirement for the appointment of an examiner applies "at any time before the confirmation of a plan."  11 U.S.C. § 1104(c)(2).

Moreover, the work of an examiner appointed under section 1104(c) may benefit the preparation of a chapter 11 plan.  *See Revco*, 898 F.2d 500 (choosing to address the merits of the United States Trustee's claim that appointment of an examiner was mandatory, although not addressed by the district court because, among other things, "further delay would impede the intended role of the examiner").  Further delay in an examiner's appointment may place the appointed examiner at a disadvantage, potentially reducing the benefit of the appointment.

---

[7] Courts must approve a disclosure statement providing "adequate information" about a proposed chapter 11 plan for purposes of soliciting creditors' votes on that plan.  11 U.S.C. § 1125.

### B. The Underlying Cases Are of Public Concern.

The underlying cases merit expedited consideration. As described by the bankruptcy court, FTX's bankruptcy cases involve a "multi-billion-dollar company built over the course of just a few years" that had "[a] spectacular crash with billions worth of assets missing, allegations of gross mismanagement and massive fraud leading to criminal indictments and investigations by numerous federal agencies." Doc. 737 at 7:4-8. The fall of FTX has affected millions of clients world-wide. Doc. 24 at ¶¶ 12, 35. Once appointed, an independent and neutral examiner will investigate and submit a report to the bankruptcy court. The reported findings and conclusions of the examination will be public and transparent, which is especially important here to FTX's millions of customers, and because of the wider implications that FTX's collapse may have for the crypto industry and related public policy responses.

## II. This Court Should Expedite Consideration of the Motion to Certify a Direct Appeal.

As stated *supra*, concurrently with this Motion the United States Trustee has filed a motion to certify this appeal for direct review under 28 U.S.C. § 158(d)(2). Under Bankruptcy Rule 8006(f)(3), the appellees have 14 days, "or such other time as the court where the matter is pending allows," to file a response to the motion to certify.

As permitted by Bankruptcy Rule 8006(f)(3), the United States Trustee requests that the 14-day response time be shortened. He further requests that consideration of the motion be expedited in the interests of justice and expediency. For the reasons set forth in the concurrently filed motion to certify, the issue on appeal qualifies for direct review certification. The United States Trustee originally sought certification from the bankruptcy court on March 23, 2023, where the matter was pending until April 5, 2023, per Bankruptcy Rule 8006(b). While the bankruptcy court declined to expedite consideration such that it could resolve the motion for certification within the permitted time period, the appellees have had since March 23, 2023, or, at the point of this Motion's filing, already 14 days to prepare a response to the motion to certify.

The United States Trustee respectfully asks that any responses to his concurrently filed motion to certify the appeal for direct review under 28 U.S.C. § 158(d)(2) be filed within seven days, which is the default time period allotted for responses to motions in bankruptcy appeals. Fed. R. Bankr. P. 8013(a)(3). This would further enable this Court to resolve the motion to certify on an accelerated basis. The requested relief is necessary given the time-sensitive nature of the issue on appeal.

### III. This Court Should Expedite Consideration of This Appeal.

Under Bankruptcy Rule 8028, "[i]n the interest of expediting decision . . . the district court . . . may suspend the requirements or provisions of the rules in Part VIII" such as those regarding briefing and timing.  Bankruptcy Rule 8013(a)(2)(B) further states that "[a] motion to expedite an appeal must explain what justifies considering the appeal ahead of other matters."  "The primary purpose of [Rule 8028] is to give the district courts . . . the power to expedite the consideration of cases that are of pressing concern to the public or to the litigants.  Courts will invoke the power given them by Rule 8028 if there are unusual time considerations or if unfairness to the litigants would otherwise result."  10 *Collier on Bankruptcy* ¶ 8028.01 (16th ed. 2022).

Although the United States Trustee seeks direct review, the appeal in this Court is not stayed.  28 U.S.C. § 158(d)(2)(D).  Even if certification were granted, the Third Circuit retains discretion to deny a petition for direct review.  *See id.* § 158(d)(2)(A) (providing jurisdiction if certification is granted and "if the court of appeals authorizes the direct appeal"); *see, e.g.*, *Weber v. U.S. Trustee*, 484 F.3d 154, 161 (2d Cir. 2007) (declining to exercise discretion to hear appeal certified for direct review).

If the proceedings before this Court were paused while the circuit court considered—and potentially denied—the government's petition for direct review,

11

the additional delays may prejudice the United States Trustee's appeal. Consequently, the United States Trustee further requests that the proceedings before this Court continue on an expedited basis.

Here, there are two circumstances that justify considering this appeal ahead of other matters. *First*, expediting the appeal will avoid any risk of mooting this appeal because plan confirmation may sunset the bankruptcy court's ability to appoint an examiner under section 1104(c). And *second*, the underlying bankruptcy cases are of immense public interest.

A minor shortening of the briefing schedule and expedited consideration of the appeal should enable this Court to resolve the legal questions and for the losing party to consider further appellate review.

To that end, the United States Trustee proposes the following briefing schedule:

- Opening brief is filed concurrently with this Motion;
- Response briefs due 21 days after the opening brief is served; and
- Reply brief due 10 days after the response briefs are served.

The United States Trustee's proposed briefing schedule would assist this Court's time for review by completing the merits briefing on an accelerated basis, such that the appeal may be resolved before the appeal is mooted by proceedings in

the bankruptcy court, and before FTX's creditors are deprived of a public and transparent report of an independent examiner's investigations.

## **CONCLUSION**

For these reasons, this Court should grant this Motion and (**i**) expedite consideration of the motion to certify appeal for direct review under 28 U.S.C. § 158(d)(2), and (**ii**) expedite consideration of this appeal.

                              Respectfully submitted,

                              ANDREW R. VARA
                              United States Trustee for Regions 3 & 9

April 6, 2023

                              By /s/ Benjamin A. Hackman
                                   BENJAMIN A. HACKMAN
                                   Trial Attorney

| | |
|---|---|
| RAMONA D. ELLIOTT<br>Deputy Director/General Counsel<br>P. MATTHEW SUTKO<br>Associate General Counsel<br>FREDERICK GASTON HALL<br>SUMI K. SAKATA<br>Trial Attorneys | ANDREW R. VARA<br>United States Trustee<br>  for Regions 3 & 9<br>JOSEPH J. MCMAHON, JR.<br>Assistant United States Trustee<br>BENAJMIN A. HACKMAN<br>JULIET M. SARKESSIAN<br>Trial Attorneys |
| Department of Justice<br>Executive Office for<br>  United States Trustees<br>441 G Street, NW, Suite 6150<br>Washington, DC 20530<br>Tel.:  (202) 307-1399<br>Fac.:  (202) 307-2397<br>frederick.g.hall@usdoj.gov<br>sumi.sakata@usdoj.gov | Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207,<br>  Lockbox 35<br>Wilmington, DE 19801<br>Tel.:  (302) 573-6491<br>Fac.:  (302) 573-6497<br>benjamin.a.hackman@usdoj.gov<br>juliet.m.sarkessian@usdoj.gov |

## CERTIFICATE OF COMPLIANCE

The foregoing complies with Federal Rule of Bankruptcy Procedure 8013(f) and this Court's Standing Order Regarding Briefing in All Cases because it contains 2,583 words and was prepared in 14-point Times New Roman font.

By /s/ Benjamin A. Hackman
BENJAMIN A. HACKMAN
Trial Attorney