## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | Jointly Administered |
| | |
| ANDREW R. VARA, UNITED STATES TRUSTEE, | |
| Appellant, | U.S. District Court |
| v. | Case No. 1:23-cv-00241 (CFC) |
| FTX TRADING LTD., *et al.*, | |
| Appellees. | |

## DEBTORS' OBJECTION TO MOTION OF APPELLANT ANDREW R. VARA, UNITED STATES TRUSTEE, TO EXPEDITE CONSIDERATION OF THE MOTION TO CERTIFY DIRECT APPEAL TO THE COURT OF APPEALS UNDER 28 U.S.C. § 158(d)(2), AND TO EXPEDITE <u>CONSIDERATION OF THIS APPEAL</u>

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "<u>Debtors</u>") hereby submit this objection (this "<u>Objection</u>") to the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Motion of Appellant Andrew R. Vara, United States Trustee, to Expedite Consideration of the Motion to Certify Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)(2), and to Expedite Consideration of This Appeal* [D.I. 17][2] (the "<u>Motion to Expedite</u>"), in which the United States Trustee (the "<u>U.S. Trustee</u>") seeks expedited consideration of (i) the *Motion to Certify Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)(2)* [D.I. 14] (the "<u>Motion to Certify</u>") and (ii) expedited consideration of the U.S. Trustee's appeal (the "<u>Appeal</u>") of the Bankruptcy Court's *Order Denying the Motion for the Appointment of an Examiner* [Bankr. D.I. 746] (the "<u>Examiner Order</u>").  For the reasons set forth below, the Motion to Expedite should be denied.

**<u>PRELIMINARY STATEMENT</u>[3]**

1.      Having failed to convince the Bankruptcy Court to hear his Initial Motion to Certify, the U.S. Trustee now seeks to compel the Debtors (and the other Appellees) to brief the merits of the Appeal and the Motion to Certify simultaneously, and on shortened notice.  The U.S. Trustee has not filed an emergency motion and supporting affidavit required by Bankruptcy Rule 8013(d) to support such an extraordinary request.  Instead, speculating that (i) a plan may be

---

[2]      "D.I. __" refers to docket items filed in this appeal.  "Bankr. D.I. __" refers to docket items filed in the Chapter 11 Cases (defined below).

[3]      Terms utilized but not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them in the body of this Objection.

filed "at any time" (which, if confirmed, would render the Appeal moot) and (ii) the Debtors' Chapter 11 Cases "are of immense public interest", the U.S. Trustee moves under Bankruptcy Rule 8013(a) to reduce the Debtors' fourteen (14) days to reply to the Motion to Certify under Bankruptcy Rule 8006(f)(3) to seven (7) and to require expedited and simultaneous briefing of the merits of the Appeal. Because the U.S. Trustee has failed to articulate sufficient justification for either portion of such extraordinary relief, the Motion to Expedite should be denied.

2.      In making these requests, the U.S. Trustee would have this Court punish the Debtors for delays that were and are entirely of the U.S. Trustee's own making. Had the U.S. Trustee not delayed in obtaining authorization to seek direct certification of his Appeal, he could have had his Initial Motion to Certify heard on regular notice in the Bankruptcy Court. He failed to do so and the Bankruptcy Court denied his Motion to Shorten. The U.S. Trustee now asks this Court to require the Debtors to simultaneously litigate the Motion to Certify and the merits of the Appeal, and to do it on an expedited basis because, he suggests, a plan may be confirmed soon, rendering the Appeal moot, and the Debtors' creditors will benefit from proceeding at this break-neck pace. The U.S. Trustee fails to appreciate the realities of the Chapter 11 Cases, which demonstrate that (i) the Debtors recently have sought an unopposed six-month extension of their exclusive periods to file and seek confirmation of a plan of reorganization and (ii) not a single one of the Debtors'

9 million customers has appeared in support of the U.S. Trustee's quest to have an examiner appointed. To the contrary, the fiduciary for the Debtors' creditors appointed by the U.S. Trustee himself, the Creditors' Committee, objected to the U.S. Trustee's motion to appoint an examiner along with his initial Motion to Shorten, which sought expedited consideration of his Initial Motion to Certify in the Bankruptcy Court.

3. For these reasons, and as set forth in greater detail herein, the Motion to Expedite should be denied and the Debtors should be afforded the time provided to them under the Bankruptcy Rules to respond first to the Motion to Certify and then, depending on this Court's ruling, to brief the merits of the Appeal in either this Court or the Third Circuit on an appropriate schedule.

## **BACKGROUND**

4. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Bankruptcy Court by entry of an order on November 22, 2022

[Bankr. D.I. 128]. On December 15, 2022, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code [Bankr. D.I. 231], to serve as a fiduciary to the millions of the Debtors' unsecured creditors.

5.      Additional factual background relating to the Debtors' businesses and the commencement of the Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [Bankr. D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [Bankr. D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [Bankr. D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [Bankr. D.I. 93].

6.      On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [Bankr. D.I. 176] (the "Examiner Motion") seeking an order appointing an examiner pursuant to section 1104(c) of the Bankruptcy Code.

7.      On February 6, 2023, the Bankruptcy Court held a hearing on the Examiner Motion.

8.      On February 15, 2023, the Bankruptcy Court issued a bench ruling denying the Examiner Motion holding, among other things, that under the

facts and circumstances of the Debtors' Chapter 11 Cases "appointment of an examiner is not needed pursuant to 1104(c)(2) and appointing one would impose an unnecessary burden on the debtors and ultimately the creditors for whose benefit these cases are being pursued." *See* Feb. 15, 2023 Hr'g Tr. at 15:21-16:1.

9.      Seven days after the Bankruptcy Court's ruling, on February 21, 2023, the U.S. Trustee filed his *Certification of Counsel* [Bankr. D.I. 745] submitting a simple, consensual proposed form of order denying the Examiner Motion in a single decretal paragraph.   On the same day the Bankruptcy Court entered the Examiner Order.

10.      A full two weeks after entry of the Examiner Order, on March 6, 2023, the U.S. Trustee filed his *Notice of Appeal and Statement of Election* [Bankr. D.I. 805] (the "Notice of Appeal") appealing the Examiner Order.  On the same day, the appeal was docketed in this Court under the caption *Andrew R. Vara v. FTX Trading LTD. et al.*, Civil Action No.: 23-cv-00241.  Two (2) weeks after that, on March 20, 2023, the U.S. Trustee filed his *Designation of Items to be included in the Record on Appeal* [D.I. 10] and his *Statement of Issues to Be Presented on Appeal* [D.I. 6].

11.      On March 10, 2023, the Debtors filed the *Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Bankr. D.I. 846]

seeking an extension of the Debtors' exclusive periods to file and solicit a chapter 11 plan by 180 days subject to the right to seek further extensions (the "Exclusivity Motion"). The deadline to object to the Exclusivity Motion was March 24, 2023. No party has objected to the relief requested in the Exclusivity Motion, which is scheduled to be heard by the Bankruptcy Court on April 12, 2023. A true and correct copy of the Exclusivity Motion is attached hereto as Exhibit A.

12. On March 23, 2023, the U.S. Trustee filed in the Bankruptcy Court his *Motion of the United States Trustee to Certify Direct Appeal to the Court of Appeals under 28 U.S.C. § 158(d)* [Bankr. D.I. 1142] (the "Initial Motion to Certify") and *Motion for Entry of an Order Shortening Time for the Motion of the United States Trustee to Certify Direct Appeal to the Court of Appeals under 28 U.S.C. § 158(d)* [Bankr. D.I. 1143] (the "Motion to Shorten") that sought to shorten the notice period related to the Initial Motion to Certify.

13. On March 24, 2023, the Debtors and the Creditors' Committee each filed objections to the Motion to Shorten [Bankr. D.I. 1152, 1151]. The Debtors' objection to the Motion to Shorten argued, among other things, that the U.S. Trustee failed to specify the exigencies justifying shortened notice as required by Del. Bankr. L.R. 9006-1(e) and delays of the U.S. Trustee's own making did not justify shortening notice with respect to the Initial Motion to Certify. *See* Bankr. D.I. 1152, a true and correct copy of which is attached as Exhibit B.

14.     On March 29, 2023, the Bankruptcy Court entered an order [Bankr. D.I. 1185] denying the U.S. Trustee's Motion to Shorten.

15.     On April 6, 2023, with the Initial Motion to Certify still pending before the Bankruptcy Court (but the Bankruptcy Court having lost jurisdiction over the Motion to Certify pursuant to Bankruptcy Rule 8006(b)), the U.S. Trustee filed the Motion to Certify and the Motion to Expedite in this Court.

## ARGUMENT

### I.     The Motion to Certify and the Merits of the Appeal Should Not Be Litigated in Tandem

16.     As an initial matter, the U.S. Trustee has provided no legal or factual basis to justify compelling the Debtors to simultaneously litigate the Motion to Certify and brief the merits of the Appeal in this Court, much less on an expedited basis.  This Court's ruling on the Motion to Certify will, as a threshold matter, determine whether this Court or the Third Circuit (subject to its acceptance) will hear the Appeal.  Accordingly, it is inappropriate and a potential waste of resources to require briefing of the merits of the Appeal before this Court first rules on the Motion to Certify.  At that time, the merits of the Appeal can be briefed pursuant to the rules of the court that actually will hear the Appeal, or pursuant to an agreement of the parties as to a briefing schedule or an order of the court that will hear the Appeal establishing appropriate deadlines for this Appeal.

## II.  The U.S. Trustee Has Not Demonstrated That Expedited Consideration of the Motion to Certify Is Warranted or Necessary

17.     The U.S. Trustee requests that this Court reduce the Debtors' response time under Bankruptcy Rule 8006(f)(3) in half, from fourteen (14) days to seven (7) days.  The U.S. Trustee argues that this "relief is necessary given the time-sensitive nature of the issue on appeal."  Motion to Expedite at 10.

18.     As an initial matter, Bankruptcy Rule 8006(f)(3) provides that "a party may file a response to the request [to certify a direct appeal] within 14 days after the request is served, or such other time as the court where the matter is pending allows."  Fed. R. Bankr. P. 8006(f)(3).  But Bankruptcy Rule 8028 permits this Court, in the interest of expediting decisions, to "suspend the requirements or provisions of the [appellate rules], _**except**_ Rule[] . . . 8006 . . . ."  Fed. R. Bankr. P. 8028 (emphasis added).  Thus, while the Court may _extend_ the Debtors' time to file a response under Bankruptcy Rule 8006(f)(3), it is not authorized by Bankruptcy Rule 8028 to _reduce_ the Debtors' fourteen (14) days to respond to the Motion to Certify provided in Bankruptcy Rule 8006(f)(3) in the interest of expediting a decision.

19.     Furthermore, as set forth in the Debtors' objection to the Initial Motion to Certify, delays that are entirely of the U.S. Trustee's own making do not justify expediting the Motion to Certify.  Had the U.S. Trustee not initially delayed seeking direct certification of his Appeal, the Initial Motion to Certify could have

been heard on regular notice in the Chapter 11 Cases before the Bankruptcy Court was divested of jurisdiction pursuant to Bankruptcy Rule 8006(b).  Having been denied expedition in the Bankruptcy Court, the U.S. Trustee now asks this Court to cut the Debtors' response time in half and rush this Court's consideration of the Motion to Certify, purportedly because the Appeal is time-sensitive.  Yet, despite this alleged time-sensitivity, the U.S. Trustee failed to file the Motion to Certify as an emergency motion pursuant to Bankruptcy Rule 8013(d), which requires, among other things, a statement of the nature of the emergency and an affidavit to support the request to expedite.

20.     The U.S. Trustee appears to suggest that the Debtors (and presumably the other Appellees) will suffer no prejudice from having their response time halved because they have had since March 23, 2023 (when the Initial Motion to Certify was filed in the Bankruptcy Court) to prepare a response.  *See* Motion to Expedite at 10.  Under the rules, however, a party's time to respond begins when a motion actually is filed, not when a party might *think* a motion *may* be filed.  This common-sense sequencing makes particular sense here, where for all the Debtors knew, the U.S. Trustee would abandon his pursuit of direct certification of the Appeal.  In addition, review of the two motions reveals the U.S. Trustee did not refile his earlier motion, but rather modified it before submitting it to this Court.  The

Debtors must be afforded notice of the actual motion upon which the U.S. Trustee seeks relief.

21.     At bottom, any timing issues are of the U.S. Trustee's own making.  The U.S. Trustee has failed to move on an emergency basis pursuant to Bankruptcy Rule 8013(d) or to articulate an appropriate basis to justify shortening the fourteen (14) day response deadline under Bankruptcy Rule 8006(f)(3) or otherwise.

## III.   The U.S. Trustee Has Not Established That Expedition of the Appeal Is Appropriate

22.     The U.S. Trustee has failed to identify sufficient facts that justify this Court "considering [his] appeal ahead of other matters" much less any immediate or "irreparable harm" that is required for his Appeal to be considered on an emergency, expedited basis.   Fed. R. Bankr. P. 8013(a)(2)(B); 8013(d)(1) (acknowledging that an emergency motion is made "because irreparable harm would occur during the time needed to consider a response[.]"); *see also In re Premier Operations*, 293 B.R. 334, 335 (S.D.N.Y. 2003) ("[A] party [may] obtain expedited consideration in a bankruptcy proceeding if it can show by affidavit that to avoid irreparable harm, relief is needed in less time than would normally be required to appeal a bankruptcy court's decision." (internal quotation marks and citation omitted)).

23.    The U.S. Trustee's assertion that this Court should expedite consideration of the Appeal because it may be mooted by confirmation of a plan and the bankruptcy cases are of immense public interest is based not on facts, but instead on rank speculation by a party with no economic interest in the Chapter 11 Cases. The U.S. Trustee's concern that a plan could be proposed "at any time" and "could move quickly—potentially within 56 days, or even less for cause—once . . . proposed" is belied by the facts of record in the Chapter 11 Cases. See Motion to Expedite at 7-8. As explained in the Exclusivity Motion, the Debtors' Chapter 11 Cases are unquestionably large, extraordinarily complex and require additional time to progress before a plan can even be formulated. With 100 Debtors, thousands of assets, millions of customers and other parties-in-interest, billions of historical transactions, ongoing efforts to recreate financial records and investigate issues of fraud and misconduct in the affairs of the Debtors by past management, and significant administrative matters still to be completed (*e.g.*, the fixing of a bar date for the filing of claims), the Debtors sought—and no party opposed—a 180-day extension of their exclusive rights to propose and solicit a plan. Notably, the Debtors' request to extend exclusivity is without prejudice to the Debtors' ability to seek *further* extensions of these rights. The U.S. Trustee's concern that a plan imminently may be both filed *and confirmed* suggests a fundamental lack of understanding and appreciation for the complexity of these Chapter 11 Cases.

24.     The U.S. Trustee further argues that expedited consideration of the Appeal is warranted because of public concern and interest.  While the U.S. Trustee asserts that a publicly filed examiner's report "is especially important here to FTX's millions of customers," not a single customer joined in the U.S. Trustee's request for the appointment of an examiner or his appeal of the Bankruptcy Court's denial of such request.  Moreover, the Creditors' Committee, appointed by the U.S. Trustee himself as a fiduciary to represent the interests of all of the Debtors' millions of unsecured creditors, objected to the U.S. Trustee's request for the appointment of an examiner.  Despite the U.S. Trustee's contentions, the only evidence in the record regarding the utility of an examiner's report is the testimony of the Debtor's CEO, John Ray, who testified that the examiner reports in the Enron and Residential Capital bankruptcy cases (where respectively he served as Chairman of the Board and CEO and was appointed as the litigation trustee) were not useful to him.  *See* Feb. 6, 2023 Hr'g Tr. at 68:21-24.[4]  The U.S. Trustee cross-examined Mr. Ray and had the opportunity to present affirmative evidence, which the U.S. Trustee declined to do.

25.     Finally, the Motion to Expedite should be denied because it will prejudice the Debtors.  Requiring the Debtors to divert estate resources to expedited

---

[4]     A True and correct copy of the February 6, 2023 hearing transcript is attached hereto as Exhibit C.

appellate briefing will only distract the Debtors from their reorganization efforts in favor of briefing this Appeal on an unnecessarily truncated timeline to the detriment of all economic stakeholders in the Chapter 11 Cases. *See Attestor Ltd. v. Mallinckrodt PLC (In re Mallinckrodt PLC)*, 2021 U.S. Dist. LEXIS 145784, *6-8 (D. Del. Aug. 4, 2021) (recognizing that to require the Debtors to review and file appellate briefs in the compressed timeline sought by appellants would prejudice the Debtors by "greatly distract[ing]" them from their reorganization efforts "to the detriment of all of the Debtors and all other creditor constituents in the Debtors' chapter 11 cases.").

26.     In sum, the UST has failed to demonstrate why this Court should consider this Appeal ahead of other matters or how it realistically will suffer any harm if the Appeal is not expedited.  Thus, the Motion to Expedite should be denied.

## CONCLUSION

For the foregoing reasons, the Motion to Expedite should be denied.

Dated: April 9, 2023
    Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Adam G. Landis
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Alexa J. Kranzley
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. Bankr. P. 8015(h), the undersigned hereby certifies that this response complies with the type-volume limitation of Fed. R. Bankr. P. 8013(f)(3)(A).  Exclusive of the exempted portions specified in Fed. R. Bankr. P. 8015(g), the response contains 3,165 words.  The response has been prepared using Microsoft Word.  The undersigned has relied upon the word count feature of this word processing software in preparing this certificate.


Dated: April 9, 2023                     /s/ *Adam G. Landis*
                                         Adam G. Landis