No. 23-cv-00241

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re FTX TRADING LTD., *et al.*, Debtors.

ANDREW R. VARA, UNITED STATES TRUSTEE, Appellant,

v.

FTX TRADING LTD., *et al.*, Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**REPLY IN SUPPORT OF MOTION OF APPELLANT ANDREW R. VARA, UNITED STATES TRUSTEE, TO EXPEDITE CONSIDERATION OF THE MOTION TO CERTIFY DIRECT APPEAL TO THE COURT OF APPEALS UNDER 28 U.S.C. § 158(d)(2), AND TO EXPEDITE CONSIDERATION OF THIS APPEAL**

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
FREDERICK GASTON HALL
SUMI K. SAKATA
Trial Attorneys
Department of Justice
Executive Office for
 United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel.:  (202) 307-1399
Fac.:  (202) 307-2397
frederick.g.hall@usdoj.gov
sumi.sakata@usdoj.gov

ANDREW R. VARA
United States Trustee
 for Regions 3 & 9
JOSEPH J. MCMAHON, JR.
Assistant United States Trustee
BENAJMIN A. HACKMAN
JULIET M. SARKESSIAN
Trial Attorneys
Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207,
 Lockbox 35
Wilmington, DE 19801
Tel.:  (302) 573-6491
Fac.:  (302) 573-6497
benjamin.a.hackman@usdoj.gov
juliet.m.sarkessian@usdoj.gov

Andrew R. Vara, United States Trustee for Regions Three and Nine (the "United States Trustee"), through his counsel, files this reply in support of the motion (the "Motion") under Federal Rule of Bankruptcy Procedure 8013(a) to enter an order expediting consideration of (**i**) the United States Trustee's motion to certify direct appeal to the court of appeals under 28 U.S.C. § 158(d)(2) and (**ii**) this appeal under Federal Rules of Bankruptcy Procedure 8013(a)(2)(B) and 8028.  Doc. 17.[1]  Appellees FTX Trading Ltd. and related debtors ("FTX") and the Official Committee of Unsecured Creditors (the "Committee") objected to this Motion.  Docs. 20 & 21.

## ARGUMENT

As explained in the Motion, this appeal is urgent and warrants the expedited relief requested.  Plan confirmation is one of the criteria in appointment of an examiner under 11 U.S.C. § 1104(c)(2).  Moreover, delays in an examiner's appointment may impede the progress of any work accomplished in performing his or her statutory duties.  11 U.S.C. § 1106(a)(3)-(4) & (b).  And FTX's bankruptcy cases are of public concern due to their widespread effects and potential regulatory repercussions for the cryptocurrency industry.

---

[1] Cites to "Doc.___" refer to docket entries in the appeal before this Court.  Cites to "Bankr. Doc.___" refer to docket entries in the underlying bankruptcy case, *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.).

Unable to challenge the need for expedition, the appellees raise meritless objections, such as by attempting to blame the United States Trustee for delays in the case. But this is unsupported by the facts; the United States Trustee has acted promptly and in the public interest, both by pushing to have his motion to appoint an examiner heard as quickly as possible and by immediately moving for certification of the appeal for direct review by the Third Circuit once the Solicitor General authorized it.[2]

Appellees' other arguments also fail. They cannot preclude this Court from exercising the discretion expressly granted by Bankruptcy Rule 8006 to shorten briefing time on the motion to certify for direct review. They overstate the burden posed by the modest request to shorten the merits briefing period. And, finally, briefing on the motion to certify for direct review and the merits of the appeal should proceed in tandem as contemplated by 28 U.S.C. § 158(d)(2)(D). The appellees' endeavor to slow-walk this appeal must be denied.

### A.   Appellees have not refuted that this appeal is time-sensitive and of public concern.

Most fundamentally, Appellees fail in their challenge to the fact that this appeal is time sensitive. At no point do they dispute the relevance of plan

---

[2] *See* https://www.justice.gov/jm/civil-resource-manual-99-sgs-guidelines-direct-certified-appeals-bankruptcy-cases.

confirmation for purposes of this appeal. Instead, FTX's position is that it has sought an additional six months for the exclusive right to propose a plan, and it *might* seek more time thereafter. Doc. 20 at 12. Tellingly, FTX provides this Court with no timeframe for when confirmation may occur other than to claim it is not imminent,[3] nor does it provide any assurances that it will not attempt to confirm a plan before this appeal is completed.

    Appellees misapprehend the difference between an emergency and a time sensitive matter. FTX's argument that the United States Trustee failed to seek emergency relief under Bankruptcy Rule 8013(d) thus misses the mark. Doc. 20 at 10. Bankruptcy Rule 8013(a)(2)(B) expressly contemplates that a motion to expedite an appeal may be filed other than as an emergency motion under Bankruptcy Rule 8013(d). The rules thus recognize appeals such as these, where circumstances warrant consideration ahead of other matters—for the reasons explained in the Motion—but a request for expedition can be briefed and considered within the timeframe contemplated by Bankruptcy Rule 8013(a)(3).

    The appellees further failed to refute that this appeal is of public concern. FTX claims that this position is undermined by a lack of affirmative customer

---

[3] At a hearing before the bankruptcy court on April 12, 2023, counsel for FTX represented that FTX intends to file a proposed preliminary chapter 11 plan by the end of July 2023, to file a disclosure statement during the fourth quarter of 2023, and to confirm a plan during the second quarter of 2024.

support for the motion to appoint an examiner. Doc. 20 at 13. But the United States Trustee's motion to appoint an examiner was joined by three states (or agencies thereof), one of which provided letters of support for an examiner appointment from the regulatory authorities of an *additional* 15 states and Washington, D.C. Bankr. Docs. 263, 339 & 600. And the United States Trustee has standing to take positions for the benefit of those who may not have the representation or resources to take an active part in the bankruptcy case. *See In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990) ("a good watchdog guards the interests of those for whom it watches").

### B.  The United States Trustee has acted promptly throughout this case.

Appellees FTX and the Committee complain that the United States Trustee acted too slowly in the bankruptcy court and now acts too quickly before this Court. The facts belie this claim.

The United States Trustee moved promptly in the bankruptcy court for the appointment of an examiner, filing that motion 20 days after FTX's first bankruptcy petition. Bankr. Docs. 1 & 176. Despite requesting a hearing on the next available date—15 days after filing—and expressing his position that the "matter needs to be heard promptly," upon the appellees' objection, the United States Trustee was forced to wait nine and a half weeks before the examiner

5

motion was heard.  Bankr. Doc. 632; *see* Exhibits 1-3.  The court ruled on that motion a week after the hearing.  Bankr. Doc. 737.

The United States Trustee sought certification of this appeal to the Third Circuit on March 23 in the bankruptcy court.  Bankr. Doc. 1142.  Appellees objected to his attempt to have the certification issue decided there, feigning disappointment that the United States Trustee waited 17 days after filing the notice of appeal before asking the bankruptcy court to certify a direct appeal.  Bankr. Docs. 1151 & 1152.  But, as the United States Trustee explained to the bankruptcy court (Bankr. Doc. 1155 at 2) and to this Court (Doc. 17 at 5), he filed that motion immediately upon the Solicitor General's authorization to seek that relief, as legally required by federal regulation.  *See* 28 C.F.R. § 0.20(b).

**C.  This Court has discretion to shorten time to respond to the motion to certify, and the facts warrant doing so here.**

FTX contends that Bankruptcy Rule 8028 somehow precludes this Court from being able to shorten the time to respond to the United States Trustee's motion to certify for direct review under Bankruptcy Rule 8006.  Doc. 20 at 9.  But the United States Trustee is not seeking to use Bankruptcy Rule 8028 to suspend Rule 8006.  Rather, Bankruptcy Rule 8006(f)(3) itself provides that this Court may set a different time for a party to respond.

Although FTX claims that the motion to certify for direct review filed in this Court was "modified" from the motion filed in the bankruptcy court (Doc. 20 at

10-11), it does not—because it cannot—represent that the legal arguments posited therein have changed. The appellees do not need additional time to respond to either the updating of the procedural history or to any minor changes in language.

      **D.    The moderately shortened proposed merits briefing schedule is neither extraordinary relief nor prejudicial to appellees.**

Claiming that the United States Trustee seeks "extraordinary relief" in seeking to shorten the briefing response times, FTX claims the relief will prejudice it by distracting it from its reorganization efforts. Doc. 20 at 1, 13-14. FTX overstates the relief requested.

The United States Trustee proposed that the appellees file their response briefs 21 days after his opening brief was served; this shortens the time by a mere nine days under Bankruptcy Rule 8018. This is not an onerous schedule. The appeal raises a single issue: whether the bankruptcy court retains discretion to deny a motion to appoint an examiner under 11 U.S.C. § 1104(c)(2) where the statutory requirements are met. The issue is purely a legal one that requires neither an extensive appendix nor the marshalling of complex facts underlying the bankruptcy case. And to the extent FTX claims that this appeal is distracting it from reorganizing, its alleged burden can be alleviated by allowing an examiner to relieve it from the investigation FTX has purported to undertake, even though such an investigation is not part of a debtor in possession's statutory duties. 11 U.S.C. § 1107(a).

### E. Proceeding in parallel on both the motion to certify and merits briefing is proper here.

FTX contends that simultaneous briefing on the United States Trustee's motion to certify for direct review and on the merits of the appeal would be "inappropriate." Doc. 20 at 8. But the statute providing for direct review itself anticipates that the proceedings before this Court are not stayed during that review period. *See* 28 U.S.C. § 158(d)(2)(D). It is entirely appropriate to proceed as directed by the statute.

Proceedings before this Court should be stayed if this Court certifies the order and the Third Circuit grants a petition for direct review. But until then, if this Court can resolve the merits of the appeal before plan confirmation, when an examiner's report would be of use to FTX's reorganization, doing so is in the public interest.

### CONCLUSION

For these reasons, this Court should grant the United States Trustee's Motion to (**i**) expedite consideration of the motion to certify appeal for direct review under 28 U.S.C. § 158(d)(2), and (**ii**) expedite consideration of this appeal.

|  |  |
|---|---|
| April 17, 2023 | Respectfully submitted,<br><br>ANDREW R. VARA<br>United States Trustee for Regions 3 & 9<br><br>By /s/ *Sumi Sakata*<br>    SUMI SAKATA<br>    Trial Attorney |

| | |
|---|---|
| RAMONA D. ELLIOTT<br>Deputy Director/General Counsel<br>P. MATTHEW SUTKO<br>Associate General Counsel<br>FREDERICK GASTON HALL<br>SUMI K. SAKATA<br>Trial Attorneys<br><br>Department of Justice<br>Executive Office for<br>  United States Trustees<br>441 G Street, NW, Suite 6150<br>Washington, DC 20530<br>Tel.:  (202) 307-1399<br>Fac.:  (202) 307-2397<br>frederick.g.hall@usdoj.gov<br>sumi.sakata@usdoj.gov | ANDREW R. VARA<br>United States Trustee<br>  for Regions 3 & 9<br>JOSEPH J. MCMAHON, JR.<br>Assistant United States Trustee<br>BENAJMIN A. HACKMAN<br>JULIET M. SARKESSIAN<br>Trial Attorneys<br><br>Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207,<br>  Lockbox 35<br>Wilmington, DE 19801<br>Tel.:  (302) 573-6491<br>Fac.:  (302) 573-6497<br>benjamin.a.hackman@usdoj.gov<br>juliet.m.sarkessian@usdoj.gov |

## **CERTIFICATE OF COMPLIANCE**

The foregoing complies with Federal Rule of Bankruptcy Procedure 8013(f) and this Court's Standing Order Regarding Briefing in All Cases because, excluding the parts of the document exempted by Federal Rule of Bankruptcy Procedure 8015(g), it contains 1,611 words as counted by Microsoft Word and was prepared in 14-point Times New Roman font.

                                                By /s/ *Sumi Sakata*
                                                      SUMI SAKATA
                                                      Trial Attorney