IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE FTX TRADING LTD., *et al.*, <br><br> Debtors. | : Chapter 11 <br> : Case No. 22-11068 (JTD) <br> : (Jointly Administered) <br> : |
| ANDREW R. VARA, UNITED STATES TRUSTEE, <br><br> Appellant, <br> v. <br><br> FTX TRADING LTD., *et al.*, <br><br> Appellees. | : <br> : <br> : <br> : <br> : Civ. No. 23-241 (CFC) <br> : <br> : <br> : <br> : <br> : |

Ramona D. Elliot, P. Matthew Sutko, Frederick Gaston Hall, Sumi K. Sakata, Department of Justice, Executive Office for United States Trustees, Washington, DC; Andrew R. Vara, Joseph J. McMahon, Jr., Benjamin A. Hackman, Juliet M. Sarkessian, Department of Justice, Office of the United States Trustee, Wilmington, DE.

   *Counsel for Appellant*

Adam G. Landis, Kimberly A. Brown, Matthew R. Pierce, Landis Rath & Cobb LLP, Wilmington, DE; Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley, Sullivan & Cromwell LLP, New York, NY.

   *Counsel for Appellees*

# **MEMORANDUM OPINION**

May 30, 2023
Wilmington, Delaware

_____
CONNOLLY, CHIEF JUDGE

Appellant Andrew R. Vara, United States Trustee, has moved for an order certifying a direct appeal to the court of appeals under 28 U.S.C. § 158(d)(2) of an order issued by the Bankruptcy Court on February 21, 2023. D.I. 14. The Bankruptcy Court denied in that order the Trustee's request for the appointment of an examiner under § 1104(c) of the Bankruptcy Code, 11 U.S.C. § 1104(c).

In the normal course, a party's appeal from a bankruptcy court's order is heard by the district court. 28 U.S.C. § 158(a). Thus, in general, the party's appeal is entertained by the court of appeals only if the district court affirms the bankruptcy court's order and the party appeals the district court's decision. But under § 158(d)(2)(A), the court of appeals has the discretion to exercise jurisdiction over an appeal taken directly from a bankruptcy court's order if the district court certifies that

> (i)  the . . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii)  the . . . order . . . involves a question of law requiring resolution of conflicting decisions; or
>
> (iii)  an immediate appeal from the . . . order . . . may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A)(i)–(iii). And under § 158(d)(2)(B), the district court *must* make this certification if, either "on its own motion or on the request of a party," the court determines that any one of the circumstances specified in § 158(d)(2)(A)(i)–(iii) exist. *See* § 158(d)(2)(B) ("If . . . the district court . . . on its own motion or on the request of a party, determines that a circumstance specified in [§ 158(d)(2)(A)] exists[,] . . . the district court . . . *shall* make the certification described in subparagraph (A).") (emphasis added).

In denying the Trustee's motion for an examiner, the Bankruptcy Court rejected the Trustee's argument that § 1104(c)(2) of the Bankruptcy Code, 11 U.S.C. § 1104(c), requires the appointment of an examiner if "the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000." D.I. 14-1; D.I. 14-2 at 5–17.

Section 1104(c)(2) provides:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court *shall* order the appointment of an examiner to conduct such an investigation of the debtor *as is appropriate*, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if—

2

> (1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; ***or***
>
> (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c) (emphasis added).

Neither the Supreme Court nor the Third Circuit has addressed whether § 1104(c)(2) requires the appointment of an examiner upon the request of the United States Trustee if "the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000." As the Bankruptcy Court acknowledged, "there is a split of [noncontrolling] authority over whether 1104(c)(2) leaves any discretion on the appointment of an examiner." D.I. 14-2 at 11:10–11. The Bankruptcy Court determined, based on the "as is appropriate" language in the statute, that § 1104(c) permits but does not require the appointment of an examiner when the Trustee requests one and the $5 million debt threshold is met. The Sixth Circuit, however, has held that § 1104(c) mandates the appointment of an examiner in such circumstances. *See In re Revco*, 898 F.2d 498, 501 (6th Cir. 1990) ("[Section 1104(c)(2)] plainly means that the bankruptcy court 'shall' order the appointment of an examiner when the total fixed, liquidated, unsecured debt exceeds $5 million, if the U.S. trustee requests one.").

3

Whether § 1104(c)(2) mandates the appointment of an examiner upon the U.S. Trustee's request when the debtor's debts specified in the statute exceed $5 million is, of course, a question of law. And, because the Bankruptcy Court rejected the Trustee's request for the appointment of an examiner based in part on its answer to that question, the Court's February 21, 2023 order "involves a question of law as to which there is no controlling decision of" the Third Circuit or Supreme Court. § 158(d)(2)(A)(i). Certification of the Order for an appeal to the Third Circuit is therefore required under § 158(d)(2)(B).

Appellees argue that "appeals raising mixed questions of law and fact are not appropriate for direct certification." D.I. 28 at 12. But the question of whether § 1104(c)(2) requires the appointment of an examiner upon the Trustee's request *if* the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000, does not involve *a question* of fact. The facts are not in dispute. No one contests that the Trustee requested an examiner here or that the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5 million. The only issue is whether, given those facts, the Bankruptcy Court could lawfully reject the Trustee's request for the appointment of an examiner under § 1104(c).

Accordingly, I have no choice but to grant the Trustee's motion. § 158(d)(2)(B).

The Court will issue an Order consistent with this Memorandum Opinion. Consideration of the merits of the appeal shall be stayed pending a decision from the Third Circuit.